59433. HENDRIX v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery.
*Held:*

1. Defendant contends the trial court erred in

denying his motion for a directed verdict of acquittal because the evidence was circumstantial and did not exclude every other reasonable hypothesis save that of guilt. Where a "conviction rests only on circumstantial evidence . . . to convict this evidence must exclude every other reasonable hypothesis save that of . . . guilt. Code § 38-109. However, questions of reasonableness are generally for the jury to decide under proper instructions. [Cit.]" *Williams v. State,* 239 Ga. 12, 13 (235 SE2d 504). "It is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. [Cit.]" *Muhammad v. State,* 243 Ga. 404, 407 (254 SE2d 356). The trial court did not err as the evidence was in conflict and did not demand a verdict of not guilty.

2. The general grounds are also enumerated as error. The evidence showed that the defendant and two companions came into the victim's grocery store. Defendant was known to the victim. After making a small purchase, all three left. Because of their suspicious behavior while in the store, the victim wrote down the tag number and color of the automobile as they drove away in what was subsequently established as being defendant's vehicle. A short time later, the two companions came into the store without defendant and robbed the victim of money by the use of a hand gun. The victim saw the defendant drive them away again in the same automobile. When arrested defendant denied any participation in or knowledge of the robbery. Both of the accomplices testified and admitted the commission of the robbery as well as their conviction and sentence therefor. Both said that defendant did not know they were going to commit the robbery, that they told defendant to drive back to the store after they left because they were shortchanged, that defendant received none of the stolen money, and that he discovered what they had done when they forced him at gunpoint to drive them away after they came out of the store. Both accomplices' testimony was impeached when they admitted to making prior inconsistent statements implicating defendant as a participant in the robbery. Defendant and his wife, who was also in the automobile, both testified that defendant had no knowledge of or

participation in the robbery until he was forced to drive the accomplices away from the scene.

"The jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered . . ." (*Malone v. State,* 142 Ga. App. 47 (1) (234 SE2d 844)), and "[w]hile there is considerable evidence in the record to authorize the jury to have found the defendant not guilty . . . the jury in criminal cases is the arbiter of all conflicts, and having resolved such issues against the defendant . . ." (*Walker v. State,* 130 Ga. App. 860, 865 (205 SE2d 49)), "considering that evidence in the light most favorable to the prosecution, a rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, [443] U. S. [307] (99 SC [2781], 61 LE2d 560) (1979)." *Stinson v. State,* 244 Ga. 219, 222 (259 SE2d 471).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MARCH 10, 1980.

*George E. Argo,* for appellant.

*H. R. Thompson, District Attorney, William Steven Askew, Assistant District Attorney,* for appellee.