## S91A1628. BRINSON et al. v. THE STATE.
(413 SE2d 443)

CLARKE, Chief Justice.

LaAngeles Brinson and her son, Carlton Lyons, were convicted of the felony murder of Jeremy Walker, for which they were sentenced to life imprisonment.[1] Additionally, Lyons was convicted of possession of a firearm during the commission of a felony for which he was sentenced to a term of years.

The jury was authorized to find that the defendants were engaged in an argument with the victim outside their apartment complex. Several neighbors testified that Brinson announced she was tired of the victim bothering her son. Brinson obtained a handgun from her purse, and told the victim that if he wanted to fight her son, he should "come on in the grass," referring to a common area of the apartments. The victim stated that he was not going to join her in the common area.

Eventually the defendants returned to their apartment, but minutes later pursued the victim when they saw him walking away with David Kemp, a neighbor. Several neighbors testified that when the defendants caught up with the victim, Brinson raised her hand to the victim and he brushed it away. David Kemp testified that Brinson then handed the gun to Lyons. The testimony is undisputed that Lyons fired two shots; the second struck the victim in the head, killing him. Numerous witnesses testified that Brinson then told her son not to be concerned because she would tell the police she had killed the victim. The defendants left the scene.

1. Construing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendants guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to Brinson's contention, there was not a fatal variance between the indictment and proof at trial because the state did not indict her as a party to the crime of felony murder. By indicting Brinson for felony murder, the state gave her ample notice that it intended to prosecute her for this crime. Further, OCGA § 16-2-21 does not require that one who is a party to the crime be indicted as a party; rather, it provides that one who is a party to the crime may be indicted, convicted and punished for that crime upon proof that he was a party to the crime.

2. Defendant Lyons argues that the trial court erred in admitting

---

[1] The crime was committed on September 29, 1989. The defendants' trial began on July 11, 1990, and the defendants were sentenced on August 14, 1990. The defendants' motion for new trial was denied on February 13, 1991. Their appeal was docketed in the Court of Appeals on August 6, 1991, and transferred to this court on September 4, 1991. Oral argument was held on November 12, 1991.

his in-custody statement in evidence because the state failed to comply with the requirements of OCGA § 17-7-210 in that it did not provide him with a copy of all relevant and material portions of his statement ten days prior to trial. It is undisputed that the state timely provided Lyons with a summary of his statement, and just before trial provided him with the actual transcript of his statement.

The record shows that Lyons filed a "motion for production of statement of defendant" in which he asks for "any oral or written statement made by the Defendant pursuant to the investigation giving rise to the indictment." This request was insufficient to alert the state that Lyons was seeking discovery pursuant to OCGA § 17-7-210 in that it neither referred to the Code section in question nor invoked the ten-day time limitation. *McCarty v. State*, 249 Ga. 618 (292 SE2d 700) (1982). Therefore, the trial court did not err in admitting Lyons' statement.

Lyons nonetheless argues that statements contained in the transcript, but not provided in the summary, were inconsistent with his defense of justification and, consequently, harmful. However, we find that the complained-of statements merely amplified and were not inconsistent with those statements of Lyons which were timely provided to him.[2] We conclude that it is highly probable the admission of the additional statements did not contribute to the verdict. *Van Kleeck v. State*, 250 Ga. 551 (1) (299 SE2d 735) (1983).

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 20, 1992.

*Hawk, Hawk & Lyons, Charles H. Lyons III,* for appellants.
*Michael C. Eubanks, District Attorney, G. Barksdale Boyd, Richard E. Thomas, Assistant District Attorneys, Michael J. Bowers, Attorney General, Mary H. Hines, Staff Attorney,* for appellee.

---

[2] Lyons' statement that it was dark and he could not see whether the victim had a gun was not inconsistent with his statement that he believed the victim had a gun in his pocket which he was reaching for when Lyons shot him. Lyons' statement that he fired the gun in order to scare the victim because he knew the victim usually carried a gun was not inconsistent with his statement that he shot in self-defense and did not intend to kill the victim.