S04A1278. WHITE v. THE STATE.
(602 SE2d 594)

FLETCHER, Chief Justice.

On January 16, 2004, Wardrick White pled guilty but mentally ill in Muscogee County to charges of malice murder, armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime.[1] White filed both a notice of appeal and a motion to withdraw his guilty plea on February 10, 2004. On appeal, White contends, among other things, that his guilty

---

[1] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[2] *Foskey v. Battle*, 277 Ga. 480 (591 SE2d 802) (2004).

[1] The crimes were committed on February 3, 1999. On June 1, 1999, a Muscogee County grand jury indicted White for malice murder, felony murder, armed robbery, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, aggravated assault on a peace officer, and obstruction or hindering a law enforcement officer. After waiving his right to a jury trial, on January 16, 2004, White pled guilty but mentally ill, to the charges of malice murder, armed robbery, and the two possession counts. The other counts were placed on the dead docket. White was sentenced to concurrent terms of life imprisonment for malice murder and armed robbery, a concurrent five year term on the possession of a firearm by a convicted felon count, and a consecutive five year term for possession of a firearm during the commission of a crime. On February 10, 2004, White filed a notice of appeal. The case was docketed in this Court on May 11, 2004, and submitted on the briefs on May 31, 2004.

plea was not freely and voluntarily entered. Finding no error, we affirm.

1. The evidence presented to support White's guilty plea showed that on February 3, 1999, White and another man entered Subhash Varma's store in Columbus called "Hot Spot Fashions." There, White took $800 from Varma and then shot him in the head, killing him. White's fingerprints were found at the scene.

When police arrived at his stepfather's home to arrest him, White fled but was quickly apprehended. Police then obtained permission to search the home from White's stepfather, and found the murder weapon under White's bed. White was carrying $300 when he was arrested.

During a police interrogation, White admitted to his role in the murder. He claimed to have shot the victim after the victim grabbed him by the arm as he was leaving the store. He admitted that the gun was the murder weapon and that the money he possessed was taken during the robbery. White's girlfriend, Monica Sims, also told police that on the day of the crime, White had informed her that he had shot a man during a robbery.

White received a mental evaluation on October 4, 2000 and two psychologists found him competent to stand trial. In December 2001, White filed a special plea of insanity and requested a jury determination of competency, but he withdrew that request in May 2002. In January 2003, White was evaluated again after his attorney indicated he was having trouble communicating with him. The same psychologists then determined that his competency to stand trial was in doubt. The psychologists evaluated White again in August 2003, and found his mental status somewhere between "clearly competent" and "clearly incompetent."

A competency hearing was held during the plea hearing on January 16, 2004. The chief medic for the Muscogee County Jail testified that White was able to communicate with and understand his attorney, and that he understood his situation. The trial judge informed White of his rights to a jury trial, to a presumption of innocence, to present evidence in his defense, to confront his accusers, and against self-incrimination. White stated that he understood that he was waiving those rights by pleading guilty, and that he had been promised no benefit for his plea. After White's attorney indicated that White understood his rights and the consequences of his guilty plea, the trial court determined that White was "mentally competent," and allowed him to plead guilty.

We are satisfied that the trial court properly concluded that White was mentally competent to enter his plea, as the record shows that White had sufficient ability to consult with and assist his lawyer, and to understand the charges against him and the consequences of

his plea.[2] Further, we find that there was a sufficient factual basis to support White's guilty plea,[3] and that the record clearly reflects that White knowingly, intelligently, and voluntarily entered his plea.[4]

2. White contends that the trial court improperly transmitted the record to this Court before ruling on his motion to withdraw his guilty plea. This argument is meritless for two reasons. First, White entered his plea on January 16, 2004, during the December term of court, but did not file the motion to withdraw that plea until February 10, 2004, during the February term of court.[5] "The Superior Court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was entered."[6] Second, White filed a notice of appeal before he filed a motion to withdraw his guilty plea, and thus the trial court properly transmitted the record to this Court. White will not be heard to complain about any alleged error induced by his own conduct.[7]

3. Next, White argues that the chief medic of the Muscogee County jail was unqualified to testify regarding White's competence. White waived this issue, however, by failing to object to the medic's testimony during the plea hearing.[8] Furthermore, a trial court is justified in using lay testimony on the issue of competency where sufficient facts are shown to support that witness's testimony and conclusions.[9] In this case, the chief medic testified regarding his personal observations of White, including White's ability to communicate with and understand other people. The trial court did not err by allowing this testimony on the issue of White's competence. Further, White was examined by two psychologists during his incarceration, and the trial court also used their reports in its determination regarding White's competency.

4. Next, White argues that although he was examined by two psychologists, the trial court could not properly rule on his competence without the aid of a psychiatrist's report. Under OCGA § 17-7-131 (b) (2), however,

---

[2] *Godinez v. Moran*, 509 U. S. 389, 396 (113 SC 2680, 125 LE2d 321) (1993); *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

[3] *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995).

[4] *Boykin v. Alabama*, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1969); *Britt v. Smith*, 274 Ga. 611 (556 SE2d 435) (2001).

[5] See OCGA § 15-6-3 (8) (D) (defining terms of Muscogee County Superior Court).

[6] *Foskey v. State*, 232 Ga. App. 303, 303 (501 SE2d 856) (1998); *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998).

[7] *Torres v. State*, 272 Ga. 389, 392 (7) (529 SE2d 883) (2000).

[8] *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).

[9] *Spencer v. State*, 236 Ga. 697, 700 (4) (224 SE2d 910) (1976); *Leonard v. State*, 157 Ga. App. 37, 38 (1) (276 SE2d 94) (1981).

[a] plea of guilty but mentally ill . . . shall not be accepted until the defendant has undergone examination by a licensed *psychologist or psychiatrist* and the court has examined the psychological or psychiatric reports, held a hearing on the issue of the defendant's mental condition, and is satisfied that there is a factual basis that the defendant was mentally ill at the time of the offense . . . to which the plea is entered.

(Emphasis supplied.)

The record clearly reflects that the trial court complied with this statute before accepting White's plea of guilty but mentally ill.

5. Finally, White contends that the trial court erred by failing to specifically inform him that by pleading guilty but mentally ill, he was waiving his right to a jury determination regarding his competency to stand trial. The record reflects that White specifically withdrew his request for such a jury determination and thereby voluntarily waived that right. Further, White cites no authority for the proposition that a guilty plea is ineffective unless the trial court specifically informs the defendant of his right to have a jury determine his competency to stand trial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Lloyd J. Matthews*, for appellant.

*J. Gray Conger, District Attorney, Ryan R. Leonard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General*, for appellee.