## S06A0189. SIMS v. THE STATE.
(631 SE2d 656)

THOMPSON, Justice.

Defendant Sims was convicted of malice murder, aggravated assault, and possession of a firearm during the commission of a crime.[1] He appeals, asserting, inter alia, the trial court erred in disallowing evidence that the murder victim committed specific acts of violence against third parties. Finding no error, we affirm.

1. Viewing the evidence in a light favorable to the verdict, as we are bound to do, we find the following: Defendant joined family and friends for a party at Helen White's house. Charles Washington was at the party. Defendant and Washington had gotten into an argument a few days earlier and defendant said he was going to shoot Washington. They argued again at the party and began to tussle. As they were separated, defendant started to reach into his pants. Washington grabbed defendant in a bear hug to keep him from pulling out a gun. He was unsuccessful. As Washington and defendant struggled, defendant's gun went off and Washington was hit in the arm. Washington fell backward. Defendant pointed the gun at Washington and shot him several more times. Washington died at the scene. One of the bullets hit Helen White in the back, paralyzing her from the waist down.

The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder, aggravated assault, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts and inconsistencies in the testimony of the witnesses were matters to be resolved by the jury, not this Court. *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004).

2. [E]vidence of the victim's acts of violence against third parties is admissible when the defendant claims justification, follows procedural requirements, establishes the existence of the prior violent acts by competent evidence, and makes a prima facie showing of justification. *Laster v. State*,

---

[1] The crimes occurred on August 24, 2002. Sims was indicted on November 22, 2002, and charged with malice murder, felony murder (predicated on the underlying felony of aggravated assault with a deadly weapon), aggravated assault with a deadly weapon (two counts), aggravated assault, aggravated battery, and possession of a firearm during the commission of a crime. Trial commenced on March 16, 2004. On March 23, the jury found defendant guilty on all counts. The trial court sentenced defendant to life in prison for malice murder, 20 years for aggravated assault with a deadly weapon, and five years (consecutive) for possession of a firearm during the commission of a crime. The remaining counts were merged for purposes of sentencing. Defendant's timely filed motion for a new trial was denied on July 5, 2005. Defendant filed a notice of appeal on July 25, 2005. The case was docketed in this Court on September 29, 2005, and submitted for decision on the briefs on November 21, 2005.

268 Ga. 172 (2) (486 SE2d 153) (1997). A prima facie case of justification is established by showing that the victim was the aggressor, the victim assaulted the defendant, and the defendant was honestly trying to defend himself. *Phillips v. State*, 271 Ga. 489 (2) (521 SE2d 573) (1999).

*Graham v. State*, 274 Ga. 696, 698 (3) (558 SE2d 395) (2002).

The evidence shows that defendant was the aggressor who pulled out a gun and shot Washington and Helen White. Washington did not have a gun or other weapon. He grabbed defendant solely to stop him from pulling out a gun. In short, defendant did not make a prima facie showing of justification. Id.; *Walden v. State*, 267 Ga. 162, 163 (2) (a) (476 SE2d 259) (1996). Thus, the trial court did not err in disallowing evidence that Washington committed specific acts of violence against third parties.

3. Defendant asserts he was denied his right to effective assistance of counsel. In this regard, defendant claims that trial counsel's performance fell below an objective standard of reasonableness because he failed to impeach an eyewitness with prior inconsistent statements.[2]

To prevail on an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant must show that counsel's "performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. [Cit.]" *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004). To meet his burden, a defendant must overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional conduct. Id. The reasonableness of counsel's performance is to be judged at the time of trial and under the circumstances of the case. *Berry v. State*, 267 Ga. 476, 479 (480 SE2d 32) (1997).

Defendant failed to meet his burden. At the motion for new trial, counsel testified that the witness was very argumentative and that he questioned her the best he could. Moreover, counsel did impeach the witness with her prior statement in several respects. That he may not have impeached her in every respect does not show that counsel's performance fell outside the broad range of reasonable professional

---

[2] For example, the witness testified that defendant pulled a gun from the waistband of his pants; however, at the preliminary hearing, she testified that it appeared that defendant took the gun from a curio cabinet. At trial, she testified she heard all of the gunshots before taking her children outside; but at the preliminary hearing, she testified that she took the children outside and heard the shots when she returned to the house. And, at trial, the witness testified that she heard Washington say that defendant shot him; but, at the preliminary hearing, she made no such statement.

conduct. See, e.g., *Whiting v. State*, 269 Ga. 750, 752 (2) (506 SE2d 846) (1998); *Williams v. State*, 265 Ga. 681, 682 (461 SE2d 530) (1995). In any event, the exploration of additional inconsistencies in the witness' testimony would not have changed the outcome of the trial. *Allen v. State*, 271 Ga. 502, 503 (521 SE2d 190) (1999).

4. A trial court has broad discretion in determining the scope of relevant cross-examination. *Kolokouris v. State*, 271 Ga. 597 (4) (523 SE2d 311) (1999). The trial court did not abuse its discretion by curtailing the cross-examination and recross-examination of Helen White and Joshua White. Defendant questioned these witnesses extensively concerning the use of alcohol at the party. See *Young v. State*, 232 Ga. 285, 287 (206 SE2d 439) (1974) (trial judge has discretion to limit cross-examination to relevant issues and to control repetitive questions).

Defendant's question to Helen White, as to whether she previously told the police that Washington used cocaine, was not relevant to defendant's justification defense. *Russell v. State*, 264 Ga. 121 (2) (441 SE2d 750) (1994). Even if it can be said that the trial court erred in refusing to permit defendant to ask Helen White that question because her answer could have been used to impeach her, but see *Ashley v. State*, 263 Ga. 820, 823 (439 SE2d 914) (1994), the error was harmless in view of the overwhelming evidence of defendant's guilt. *McClure v. State*, 278 Ga. 411, 412 (603 SE2d 224) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2006.

*Sanford A. Wallack*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.