A06A2025. HILL v. THE STATE.
(639 SE2d 637)

MILLER, Judge.

Following a jury trial, Stanley Hill, Jr., was convicted of aggravated assault, aggravated battery, and first-degree child cruelty for his involvement in a drive-by shooting. Hill appeals, claiming (1) that the evidence was insufficient to support his convictions; (2) that the State's failure to allege that he was merely a party to the crimes required it to show he was the principal perpetrator; (3) that the trial court erred in admitting his statement to the police; and (4) that his trial counsel was ineffective. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine

---

witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on July 21, 2001, Shedrick Davis and his four-year-old daughter were the victims of a drive-by shooting in Fulton County. While the girl recovered from her injuries, Davis' spinal cord was lacerated, causing him to become paralyzed from the neck down.

The investigation into the shooting led police to Hill's home, where an officer discovered that Hill owned a car similar to the one described by witnesses as the car used in the shooting. In addition, the officer learned that Hill had reported his car as having been stolen.[1]

The day after the police officer visited Hill's home to investigate the shooting, Hill, with his attorney present, voluntarily provided a statement in which he claimed to explain his involvement in the shooting. In the statement, Hill stated that his friend Jason Stallworth had been robbed and was being pressured to find the robber by a man whom he knew only as "the Jamaican." Hill claimed that on July 21, 2001, he, Stallworth, and their friend Aaron Williams were in the parking lot of Greenbriar Mall when Stallworth recognized Davis as the man who had robbed him. Hill went into the mall, and when he returned to his car, Stallworth and Williams had been joined by "the Jamaican." Hill stated that "the Jamaican" had a gun and told him to follow Davis into a McDonald's parking lot, where "the Jamaican" fired into Davis' car. Later that evening, Stallworth provided a similar statement to police, also claiming that "the Jamaican" had been the shooter.

At trial, several witnesses to the shooting testified that Hill was driving two passengers in the car, not three passengers as claimed by Hill based on the presence of "the Jamaican." In addition, a witness testified that just before the shooting, she heard the driver of the car say "[t]hat's him; let's take him out," contradicting Hill's claim that he was being forced to drive by "the Jamaican."

1. Hill asserts that the evidence was insufficient to support his convictions. The testimony of a single witness is generally sufficient to establish a fact pursuant to OCGA § 24-4-8, and it is the function of the jury to evaluate the credibility of witnesses. *Hendrix v. State*, 153 Ga. App. 791, 793 (2) (266 SE2d 568) (1980) (rejecting defendant's claim that his involvement was limited to being forced to drive accomplices away from the scene). Based on the testimony of the

---

[1] Hill later admitted that he lied when he reported that his car had been stolen.

witnesses to the shooting, a reasonable jury could have rejected Hill's claims and determined that he was a party to each of the crimes of which he was convicted. See OCGA §§ 16-5-21 (a) (aggravated assault); 16-5-24 (a) (aggravated battery); and 16-5-70 (b) (first-degree child cruelty).

2. Hill claims that the State's failure to allege that he was merely a party to the crimes required it to show that he was the principal perpetrator. We disagree.

OCGA § 16-2-21 provides that a person may be convicted of a crime if he was a party to it, regardless of whether he was the primary perpetrator. "The State is not required to indicate in the indictment that it is charging a person as a party to the crime. [Cit.]" *Glenn v. State*, 278 Ga. 291, 294 (1) (b), n. 4 (602 SE2d 577) (2004). "OCGA § 16-2-21 does not require that one who is a party to the crime be indicted as a party; rather, it provides that one who is a party to the crime may be indicted, convicted and punished for that crime upon proof that he was a party to the crime." *Brinson v. State*, 261 Ga. 884 (1) (413 SE2d 443) (1992).

Hill argues that *Blakely v. Washington*, 542 U. S. 296 (124 SC 2531, 159 LE2d 403) (2004), "casts considerable doubt" on *Glenn*, *Brinson*, and other cases that provide that the State need not specify in the indictment that a person is accused of being a party to the crime. In *Blakely*, the defendant pled guilty to kidnapping, and the trial court imposed an "exceptional" sentence of 90 months after making a judicial determination that he acted with "deliberate cruelty." Id. at 298. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury" and that an indictment must include all facts "which the law makes essential to the punishment." Id. at 301 (II).

While the finding that the defendant in *Blakely* acted with "deliberate cruelty" was an essential element used to increase his sentence, Hill's status as a party to the crimes in question did not increase the sentences he received. As a result, *Blakely* did not require that the State indicate in the indictment that it was charging Hill with being a party to the crimes, and the trial court did not err in instructing the jury that Hill could be convicted of being either the principal perpetrator of the crimes or of being a party thereto. See *Brinson*, supra, 261 Ga. at 884 (1).

3. Hill asserts that the trial court erred in admitting his statement to the police because it was not voluntarily given. We disagree.

At the motion for new trial hearing, the attorney who witnessed Hill's statement to the police testified that he advised Hill that his story regarding "the Jamaican" was not believable and that he had nothing to gain by providing the statement. Although Hill presented

evidence suggesting that the attorney encouraged him to make the statement and even scheduled his appointment with the police, the testimony of the attorney was sufficient for the trial court to determine otherwise. See *Head v. Ferrell*, 274 Ga. 399, 409 (1) (V) (C) (554 SE2d 155) (2001). Moreover, even assuming that Hill's right to effective counsel had been triggered at the time he made the statement and that the attorney encouraged Hill to make the statement, the attorney's decision to allow Hill to talk to the police was a strategic one in the "exclusive province of the lawyer after consultation with his client." (Citation omitted.) *Campos v. State*, 263 Ga. App. 119, 122 (587 SE2d 264) (2003).

Evidence was also presented suggesting that Hill's father encouraged him to provide the statement because he thought Hill had nothing to hide. However, even after a suspect has been taken into custody, "[e]ncouraging a suspect to tell the truth does not constitute hope of [a] benefit so as to render involuntary any statement made thereafter." (Citations omitted.) *Henry v. State*, 265 Ga. 732, 736 (4) (c) (462 SE2d 737) (1995).

4. Hill claims that his trial counsel was ineffective in (i) failing, at the *Jackson-Denno* hearing, to call the attorney who witnessed Hill's statement to the police and (ii) failing to impeach the police officer's testimony regarding whether he *Mirandized* Hill prior to taking his statement. Again, we disagree.

The attorney who witnessed Hill make his statement to the police testified at the motion for new trial hearing. There, he claimed that he spoke with trial counsel prior to the *Jackson-Denno* hearing and told her that he had advised Hill not to make the statement. Since the attorney's testimony likely would have contradicted Hill's claim that the attorney pressured him into making the statement, trial counsel's decision not to call the attorney at the *Jackson-Denno* hearing was a strategic one. "Decisions about which witnesses to call are a matter of trial strategy, and tactical errors do not amount to ineffective assistance of counsel." (Footnote omitted.) *Weathersby v. State*, 263 Ga. App. 341, 347 (6) (f) (587 SE2d 836) (2003).

Hill also claims that trial counsel was ineffective for her failure to impeach the police officer regarding whether he *Mirandized* Hill prior to taking his statement. During the *Jackson-Denno* hearing, the police officer testified that he did not *Mirandize* Hill because he was not in custody or otherwise compelled to provide the statement. At trial, however, when asked if he had "advise[d Hill] of his *Miranda* warnings," the police officer stated that he provided Hill a verbal *Miranda* warning.

Even if Hill could show that trial counsel's performance was deficient as a result of the failure to impeach the police officer, Hill cannot show a reasonable probability that the result of the trial would

have been any different had trial counsel impeached the officer's testimony. Regardless of whether Hill was *Mirandized* or not, the statement given by Hill was virtually identical to the statement delivered by Stallworth, which also identified Hill as the driver and "the Jamaican" as the shooter. Therefore, even if the jury were to lessen its reliance on Hill's statement based on the inconsistent testimony regarding whether *Miranda* rights were administered to him, it would likely have reached the same conclusions based on the identical statement delivered by Stallworth. See *Sims v. State*, 280 Ga. 606, 608 (3) (631 SE2d 656) (2006).

5. Finally, as the State's brief in this matter was filed untimely in violation of Georgia Court of Appeals Rule 23 (b), we grant Hill's motion to strike such brief, and it has not been considered for purposes of this appeal. See *Brooks v. State*, 232 Ga. App. 115, 121 (20) (501 SE2d 286) (1998).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 7, 2006 —

*Mark A. Yurachek*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.