## S07A0321. EDWARDS v. THE STATE.

### (646 SE2d 663)

HUNSTEIN, Presiding Justice.

Andrew Edwards was convicted of felony murder, aggravated assault and possession of a firearm during the commission of a felony. He appeals from the denial of his motion for new trial.[1] Finding no reversible error, we affirm.

1. The evidence at trial authorized the jury to find that mid-morning on October 22, 2003, appellant and two other teenagers approached Nathaniel Hubert and Terrance Grimes ostensibly to ask about purchasing one of the scooters in the rental van the men were loading. Hubert, who earned his living by buying and reselling items like scooters, talked with the teenagers for several minutes about prices and gave them a business card. They walked away only to return two minutes later, at which time appellant was armed with a 9 mm handgun. Appellant pointed the weapon at both men and said, "Y'all know what it is. Give up the keys." Grimes dropped the keys on the ground and backed away. Hubert tried to reason with appellant, stating repeatedly that "it's not worth it." Appellant shot the un-armed Hubert once in the chest and then ran down the street. The other two teenagers picked up the keys and drove the van in the same direction. Hubert pursued on foot and managed to jump into the van, but was pushed out into the street. Appellant entered the van and the three teenagers drove off. Hubert later died from the gunshot wound. Grimes identified appellant from a photographic lineup and later at trial as the shooter. The police located the van within half an hour of the shooting in front of the house where appellant lived; appellant's housemates, Townes and Mack, were unloading a scooter. Townes testified that appellant and two other teenagers told them they could have the scooters inside. Three members of appellant's family testi-fied that he was residing out of state at the time of the crimes.

The jury is the judge of the credibility of witnesses and it was authorized to disbelieve the alibi defense appellant proffered. See *Daniels v. State*, 281 Ga. 226 (2) (637 SE2d 403) (2006). The evidence

---

[1] The crimes occurred on October 22, 2003. Edwards was indicted June 4, 2004 in Fulton County on charges of malice murder, three counts of felony murder, hijacking a motor vehicle, armed robbery, one count of aggravated assault each for victims Nathaniel Hubert and Terrance Grimes, and possession of a firearm during the commission of a felony. He was acquitted of malice murder and found guilty on all the remaining charges on May 13, 2005. He was sentenced that same day to life imprisonment for murder, two consecutive twenty-year terms for the hijacking and aggravated assault on Grimes and a consecutive five-year sentence for the possession charge. His motion for new trial, filed June 3, 2005 and amended June 14, 2006, was denied September 7, 2006 and amended the following day to reflect that the conviction and sentence on the hijacking charge was vacated. A notice of appeal was filed October 4, 2006. The appeal was docketed November 2, 2006 and was submitted for decision on the briefs.

adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends reversible error occurred because the jury pool was tainted by a comment made by a potential juror. However, the transcript reveals that the juror who made the comment was removed for cause and appellant did not seek any other relief. Appellant "cannot complain about the failure of the trial court to make inquiry of the remaining prospective jurors about the influence of [the juror's] remark where [he] failed to request this undertaking by the court. [Cit.]" *Jackson v. State*, 278 Ga. 235, 238 (4) (599 SE2d 129) (2004). Accordingly, the trial court did not abuse its discretion in the control of the voir dire by failing to give appellant relief for which he did not ask. See *Roberts v. State*, 259 Ga. 441 (2) (383 SE2d 872) (1989).

3. After appellant filed notice of his intent to rely upon an alibi defense, listing as witnesses two of his out-of-state relatives, he asked the court for funds to employ an expert in eyewitness identification. An ex parte hearing was conducted in chambers, see generally *Brooks v. State*, 259 Ga. 562 (2) (385 SE2d 81) (1989), and the trial court thereafter denied the request, noting in particular that misidentification was not appellant's sole defense. As appellant failed to otherwise establish the necessity of such expert testimony, see generally *Braley v. State*, 276 Ga. 47 (9) (572 SE2d 583) (2002); *Anderson v. State*, 258 Ga. 70 (3) (365 SE2d 421) (1988), we find no error in the trial court's ruling. Compare *McKinney v. State*, 269 Ga. App. 12 (1) (602 SE2d 904) (2004) (no abuse of discretion to deny funds for expert examination of non-critical evidence) with *Thornton v. State*, 255 Ga. 434 (339 SE2d 240) (1986) (error to deny funds for expert examination of sole evidence linking accused to crime).

4. Appellant contends the trial court erred by admitting improper hearsay testimony by the investigating officer. Although appellant's counsel objected at trial to the admission of the testimony, he did not base his objection on hearsay grounds. Thus, he failed to preserve this issue for appeal. *Mundy v. State*, 259 Ga. 634 (5) (385 SE2d 666) (1989).

5. Appellant maintains that the trial court erred by permitting the State to introduce certain testimony as similar transaction evidence, namely, an aggravated assault appellant committed in 1999 when he was 14 years old.[2] Evidence regarding that incident

---

[2] The hearing on the admissibility of this evidence and the trial court's ruling thereon occurred after the trial began and the jury sworn, which this Court has found acceptable for

established that appellant, while armed with a shotgun and accompanied by three other youngsters, approached the proprietor of a produce stand in the middle of the day and demanded money. Police apprehended appellant and his three accomplices with the shotgun; appellant admitted committing the crime in juvenile court and was given a probated sentence.

> Before evidence of independent acts may be admitted into evidence, the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). " '[A] transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences.' [Cit.]" [Cit.] Where, as here, such evidence is admitted for the purpose of showing bent of mind, a lesser degree of similarity is required than if introduced to prove identity. [Cit.]

*Collum v. State*, 281 Ga. 719, 723 (4) (642 SE2d 640) (2007).

In this case, both the charged crime and the similar transaction involved violent assaults committed by appellant with the support and assistance of young, unarmed accomplices; both involved appellant's use of a firearm and demand for valuables; and both targeted business people within the same five-mile area, during morning work hours. The trial court's determination that the State met the requirements for admission of similar transaction evidence was not clearly erroneous. See id.[3]

6. Although appellant's identity as the perpetrator of the aggravated assault similar transaction was established by his written admission filed in juvenile court, appellant contends the trial court erred by not allowing him to ask the assault victim a question, based on facts not in evidence, attempting to cast doubt on her identification

---

purposes of Uniform Superior Court Rule 31. *Thaxton v. State*, 260 Ga. 141 (6) (390 SE2d 841) (1990). The transcript reveals that appellant affirmatively acquiesced to the trial court's decision to conduct the hearing mid-trial and thus will not be heard to complain of that decision on appeal. See generally *Holcomb v. State*, 268 Ga. 100 (2) (485 SE2d 192) (1997).

[3] Contrary to appellant's contention, the record establishes that the similar transaction evidence was admitted solely to show bent of mind or course of conduct and the jury was expressly instructed to limit its consideration of the evidence for those purposes.

of appellant as the perpetrator of the assault. A trial court has broad discretion in determining the scope of relevant cross-examination. *Sims v. State*, 280 Ga. 606 (4) (631 SE2d 656) (2006). We find no abuse of the trial court's discretion in its handling of appellant's cross-examination of this witness.

7. Appellant failed to object to any alleged impropriety in the prosecutor's closing argument and thus waived his argument on appeal. *Jackson v. State*, 281 Ga. 705 (3) (642 SE2d 656) (2007).

8. In his final enumeration, appellant maintains he received ineffective assistance of counsel at trial because trial counsel: (a) failed to object to a tainted jury pool; (b) failed to object to an improper statement made by the trial court during voir dire; and (c) failed to object to the similar transaction evidence on the ground that it was not sufficiently similar to be admitted. In order to succeed on a claim of ineffective assistance of counsel, appellant must show both that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To show deficient performance, a defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. Id. at 784.

(a) After the jury pool was queried whether each member was "perfectly impartial between the State and the accused," Juror No. 3 answered that she remembered the case "and I thought the fellow was guilty in 2003." The trial court indicated it had not heard her response, and she replied that she "remember[ed] the case and all the newspaper coverage on this and I formed an opinion." Juror No. 30 then stated, "I have to say that I think I am with this lady [Juror No. 3]. I think I saw something about it on the television."[4]

Appellant contends trial counsel was ineffective for failing to challenge the jury array on the basis that it was tainted by Juror No. 3's comments. Pretermitting whether trial counsel provided deficient performance by failing to take these steps, we conclude that appellant failed to prove the prejudice prong of his ineffectiveness claim. "A defendant has a right to a jury that is free from prejudgment or fixed

---

[4] When subsequently questioned, Juror No. 30 clarified that she could be fair and impartial. Thereafter, Juror No. 3 was excused for cause and the trial court denied appellant's motion to excuse Juror No. 30 for cause.

opinion, [cit.], but where a prospective juror's comments do not link a defendant with criminal activity, or characterize the defendant as a criminal, the entire jury panel does not have to be excused. [Cit.]" *Jackson v. State,* supra, 278 Ga. at 238 (4). Thus, where a potential juror's remarks are not inherently prejudicial and do not deprive the accused of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion, a trial court does not abuse its discretion by refusing to strike the panel. *Sharpe v. State,* 272 Ga. 684 (5) (531 SE2d 84) (2000). In this case, the transcript clearly establishes that Juror No. 3's comments contained no intimation that she had any personal knowledge of appellant. Nor did they link appellant to other criminal violations that were complete and separate from the offense for which he was being tried. Instead, the comments show that Juror No. 3's opinion of appellant's guilt was based solely on media reports she had heard about the crimes. Accordingly, we conclude that appellant failed to satisfy the prejudice prong of his ineffectiveness claim by showing that, but for counsel's alleged errors, the trial court would have abused its discretion by failing to dismiss the jury panel.

(b) Because there was nothing improper in the statement the trial court made to the panel during voir dire,[5] counsel did not perform deficiently by failing to object to the statement. See *Sims v. State,* 281 Ga. 541 (2) (640 SE2d 260) (2007) (failure to raise meritless objection cannot constitute ineffective assistance of counsel).

(c) In light of our holding in Division 5, supra, that the similar transaction was sufficiently similar, appellant cannot show that counsel performed deficiently by failing to raise that particular objection to the admission of the similar transaction evidence in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007 —
RECONSIDERATION DENIED JULY 12, 2007.

*Charles H. Frier,* for appellant.
*Paul L. Howard, Jr.,* District Attorney, *Bettieanne C. Hart,* Assistant District Attorney, *Thurbert E. Baker,* Attorney General, *Benjamin H. Pierman,* Assistant Attorney General, for appellee.

---

[5] When read in context, the transcript reveals that the trial court merely conveyed to the potential jurors that by answering affirmatively the question whether they could be fair and impartial if selected to hear the charges of murder and carjacking brought against appellant, they were not in any manner indicating that they were "in favor of" murder and carjacking.