## A07A1335. MACLIN v. THE STATE.
(651 SE2d 138)

RUFFIN, Judge.

Robert Maclin appeals from a jury verdict finding him guilty of owning, operating, or conducting a "chop shop."[1] His sole enumeration of error challenges the sufficiency of the evidence against him. Because the evidence was sufficient, we affirm.

On appeal, Maclin no longer enjoys the presumption of innocence and we view the evidence in a light most favorable to the verdict.[2] We do not weigh the evidence or evaluate witness credibility, but only determine whether the evidence was sufficient to enable a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[3] So viewed, the evidence shows that Paul Rogowski owned an automobile performance shop specializing in Buick Regal Grand Nationals. On August 23, 2005, Maclin contacted Rogowski and offered to sell him parts from a Grand National. Rogowski viewed the vehicle and observed that it was in "very, very poor condition": the original tires had been removed, the steering column had been replaced, and multiple parts were missing, including the back seat, the passenger door and trunk locks, molding, fender badges, interior door panels, the gear shift, the radio, and approximately half of the engine. Although Maclin told Rogowski that he did not own the vehicle and did not have any paperwork proving ownership, he offered to sell it to Rogowski for $1,000.

At their initial meeting, Rogowski copied the vehicle identification number ("VIN") located on a plate near the windshield. Rogowski ran a check on the VIN and learned that the number was registered to a 1985 Buick Regal. He then arranged to see the vehicle again and found a number on the engine block that did not match the VIN in the windshield. After a check of the engine number showed that it was registered to a stolen vehicle, Rogowski contacted the police.

After speaking with Rogowski, the authorities arranged for him to purchase the vehicle from Maclin for $1,000. The automobile was identified as a 1987 Buick Regal Grand National that had been stolen on February 1, 2004.

---

[1] OCGA § 16-8-82 (1) (A chop shop is defined as "any building, lot, or other premise where one or more persons knowingly engage in altering, destroying, disassembling, dismantling, reassembling, or storing any motor vehicle or motor vehicle part known to be illegally obtained by theft, fraud, or conspiracy to defraud in order to either: (A) Alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate, or remove the identification, including the vehicle identification number of such motor vehicle or motor vehicle part, in order to misrepresent the identity of such motor vehicle or motor vehicle part or to prevent the identification of such motor vehicle or motor vehicle part; or (B) Sell or dispose of such motor vehicle or motor vehicle part.").

[2] See Hill v. State, 282 Ga. App. 743 (639 SE2d 637) (2006).

[3] See id. at 743-744.

At trial, Maclin testified that he agreed to install a motor in a Grand National for an individual named "Rod." The vehicle, which had a drive-out tag, was in "rough" condition when Rod delivered it, with paint damage, a missing lock, and a replacement steering column. Maclin asked if Rod had a bill of sale for the vehicle, and Rod replied only that there was an insurance card in the automobile. According to Maclin, he initially wanted to purchase parts from Rogowski to install in the Grand National. Then, because Rod had not paid him or picked up the vehicle, Maclin offered to sell it to Rogowski. Maclin further testified that the vehicle was vandalized when parked at his house; the windshield was broken and the door panels and back seat were stolen. Maclin did not report the vandalism to the authorities. Maclin also admitted that he and his brother removed parts of the engine from the vehicle while working on it.

Maclin was charged with theft by receiving a motor vehicle and owning, operating, or conducting a chop shop. The jury found him guilty of the chop shop charge, but was unable to reach a verdict as to the theft charge.[4]

The accusation charged that Maclin violated OCGA § 16-8-83 by "knowingly and with intent [selling] a motor vehicle, to wit: a 1987 Buick Regal from a location . . . knowing it to be a chop shop." The Motor Vehicle Chop Shop and Stolen and Altered Property Act ("Chop Shop Act") prohibits a person from knowingly and intentionally selling, transferring, purchasing, or receiving "any motor vehicle or motor vehicle part either to or from a location knowing it to be a chop shop."[5]

The evidence was sufficient to support Maclin's conviction for violating the Chop Shop Act. By his own admission, Maclin stored a vehicle that he did not own and sold it to another individual. When Maclin obtained the automobile, it had a drive-out tag, the steering column had been replaced, and the door lock was missing. Moreover, the person who provided the vehicle to Maclin had no proof of ownership. When Maclin sold the automobile to Rogowski, multiple parts were missing and there was a discrepancy in the VIN located in the windshield and the VIN found on the engine. Finally, Maclin admitted that he removed parts of the engine and failed to replace them before he sold the automobile to Rogowski.

Viewed in a light most favorable to support the jury's verdict, the evidence was sufficient for a rational trier of fact to find Maclin guilty beyond a reasonable doubt of owning, operating, or conducting a chop

---

[4] The trial court declared a mistrial as to the theft by receiving a motor vehicle charge.

[5] OCGA § 16-8-83 (a) (3).

shop in violation of OCGA § 16-8-83.[6] And, contrary to Maclin's argument, the jury's inability to reach a verdict on the theft charge does not require reversal, because, even if the acquittal was inconsistent with the conviction, "the inconsistency cannot be used as an avenue to challenge the conviction since the 'inconsistent-verdict rule' has been abolished in this state."[7]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 10, 2007.

*Lawrence W. Daniel*, for appellant.
*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.

---

[6] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[7] *Metts v. State*, 270 Ga. 481, 483 (2) (511 SE2d 508) (1999).