A08A0167. BROWN v. THE STATE.
(662 SE2d 206)

RUFFIN, Presiding Judge.

Following a jury trial, Joseph Brown was convicted of vehicular homicide by driving under the influence of alcohol.[1] Brown appeals, challenging the sufficiency of the evidence. We find the evidence sufficient, and we affirm.

Following his conviction, Brown no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the

---

[1] The jury also found Brown guilty of driving under the influence of alcohol ("DUI"); the trial court merged the DUI count with the vehicular homicide count for sentencing purposes.

verdict.[2] In so doing, we neither weigh the evidence nor assess witness credibility, but merely ascertain whether the evidence was sufficient to establish Brown's guilt beyond a reasonable doubt.[3] So viewed, the evidence shows that on December 6, 2001, Scott Jeter, a Georgia State Patrol officer, responded to a report of a pedestrian being struck. When Jeter arrived, he found Brown's vehicle partially resting on the concrete curb. Kevin Hurley, the pedestrian, was on the ground nearby, unconscious.

Brown told the officer that "he was traveling down the road and . . . [Hurley] ran into him, [in]to the side of his truck." According to Jeter, Brown had a "strong smell of alcohol" and "his speech appeared slurred and [he] also mumbled." Brown, who admitted to consuming "a couple of beers," submitted to an alco-sensor test which revealed the presence of alcohol. Based on his opinion that Brown was under the influence of alcohol to the extent that it was less safe for him to drive, Jeter placed Brown under arrest for DUI. A blood test administered at the hospital several hours later indicated that Brown's blood alcohol level was 0.118.

Hurley was transported to the emergency room, where he died from his injuries shortly after his arrival. His injuries included: a broken neck, leg, and pelvis; broken ribs; bleeding in his brain, stomach, and chest; and a contusion to his heart. According to the treating emergency room physician, Hurley's injuries were consistent with being struck by a motor vehicle.

Investigator John Sweat, an officer with advanced crime scene investigation training and experience in numerous vehicular homicide cases, tested the brakes on Brown's vehicle and found them to be functioning normally. He also observed damage to Brown's vehicle that was consistent with striking a pedestrian with the front of the vehicle. Sweat, who found no skid marks at the scene, testified that there was lighting in the area from several commercial establishments and that he "found absolutely no evidence of any type of evasive action taken by [Brown]." After speaking with witnesses at the intersection, Sweat concluded that Brown ran a red light before striking Hurley.

At trial, the jury was shown one videotape that recorded Brown's interactions with the officer, including their discussions and the arrest, and another one depicting the accident scene. The State also introduced certified copies of Brown's previous DUI convictions from March 1995 and September 1987.

---

[2] See *Hill v. State*, 282 Ga. App. 743 (639 SE2d 637) (2006).

[3] See id.

Brown testified and acknowledged that he may have consumed "one or two" beers around noon on the day he struck Hurley. He also admitted striking Hurley, but insisted that it was not intentional and maintained that he did not see Hurley "until he hit the front of [his] car." Brown further conceded that because of the light from the stores in the area, he "could see good." Based on this evidence, the jury found Brown guilty of first degree vehicular homicide.

On appeal, Brown argues that "[t]here was insufficient evidence to prove that Brown caused the pedestrian's death" and that the evidence showed that Hurley "caused his own death when he jumped into traffic." But although the jury may have been authorized to find that Brown was not at fault, the evidence was also sufficient to support

> a fault-based finding. The jury could have found that [Brown] was operating his vehicle while under the influence of alcohol to the extent it was less safe for him to drive. If this were so, obviously his reaction time would have been slower than it otherwise would have been. The evidence also authorized findings that [Brown] failed to take evasive action to avoid hitting [Hurley] and that he was violating the rules of the road by [running a red light[4]]. It was for the jury to determine whether, in the absence of the above factors, the decedent's death could have been avoided.[5]

Thus, "[c]onstrued in a light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find [Brown] guilty of first degree vehicular homicide beyond a reasonable doubt."[6]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 2, 2008.

*Joseph S. Key*, for appellant.
*David McDade, District Attorney, Nedal S. Shawkat, Assistant District Attorney*, for appellee.

---

[4] See OCGA § 40-6-20.
[5] (Footnote omitted.) *Miller v. State*, 236 Ga. App. 825, 829 (3) (513 SE2d 27) (1999).
[6] Id.; see also *Corbett v. State*, 277 Ga. App. 715, 719 (1) (b) (627 SE2d 365) (2006).