TAYLOR *v.* THE STATE.

COBB, P. J. 1. A bill of exceptions assigning error upon a refusal of the judge of the superior court to sanction a petition for certiorari has attached thereto as an exhibit a copy of the petition for certiorari and the various entries thereon. The certificate of the judge follows the exhibit so attached. *Held*, that the exhibit is sufficiently identified by such certificate, notwithstanding no entry of the judge identifying the same appears thereon.

2. A witness is not shown to be inaccessible, within the meaning of the Penal Code, § 1001, so as to authorize evidence as to what was the testimony of such witness on a former trial, when it merely appears that the witness is absent from the county, and when last heard from was within the limits of the State. See, in this connection, *Pittman* v. *State*, 92 *Ga.* 480(2).

3. An indictment under the Political Code, § 1548, and the Penal Code, § 451, which avers that the accused "did sell and barter for valuable consideration" liquors of the character referred to in the sections above cited, is sufficiently definite as to the consideration for the sale. It is not incumbent upon the State to allege the precise consideration paid. *Shuler* v. *State*, 125 *Ga.* 779(3).

4. The evidence authorized the judgment of conviction, and the judge did not err in refusing to sanction the petition for certiorari. *Billups* v. *State*, 107 *Ga.* 766; *Burden* v. *State*, 120 *Ga.* 198, and cases cited.

*Judgment affirmed. All the Justices concur.*

Submitted October 15,—Decided November 7, 1906.

Petition for certiorari. Before Judge Lewis. Greene superior court. July 5, 1906.

*James B. & Noel P. Park,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* and *James Davison,* contra.