## WESTERN & ATLANTIC RAILROAD COMPANY v. DEITCH.

BECK, J. 1. Although there might be no negligence in the failure of a railroad company to have gates fixed to the platforms of its cars, designed for the purpose of converting the platforms into vestibules between cars, and thereby guarding against accidents to passengers by preventing them from falling or being thrown from the platforms, yet where the cars of a particular train were equipped with the gates or doors designed for the purpose stated, whether the failure to close such doors or gates so as to convert the platform into a closed vestibule was negligence relatively to a child of tender years who was a passenger on the train and had gone upon the platform and had fallen or walked therefrom, was a question of fact to be determined by the jury, and the court did not err in leaving that question to the jury in the present case. *Augusta Railway Co.* v. *Glover*, 92 *Ga.* 132 (18 S. E. 406); *Bronson* v. *Oakes*, 76 Fed. 734 (22 C. C. A. 520).

2. The decision on the question of negligence stated above, adversely to to the defendant company, was authorized by the evidence.

3. The court properly refused the requests to charge, of which refusal complaint is made in the motion for a new trial, as the language in which the requests were framed tended to exclude from the consideration of the jury the question of fact touching the negligence of the company in the particular indicated in the first headnote.

4. Although, where an interpreter is required to translate the testimony of a witness given in a foreign language, the court should, if it be practicable under the circumstances, name a disinterested person to act as interpreter, the designation of the father of the child, on whose behalf the suit was brought by his next friend, as the interpreter to translate the testimony of the child's mother, who gave her testimony in a foreign tongue, affords no ground for the grant of a new trial, it not appearing that there was any other person present available as an interpreter or who could have acted in that capacity. 7 Enc. Ev. 654 and cases cited.

5. While certain paragraphs of the petition which were attacked by demurrer were not in entire conformity to the strict rules of pleading, they were not of such materiality as to require a ruling that the court erred in refusing to sustain the demurrers.

*Judgment affirmed. All the Justices concur.*

MARCH 4, 1911.

Action for damages. Before Judge Wright. Cobb superior court. November 24, 1909.

*Tye, Peeples & Jordan* and *D. W. Blair,* for plaintiffs in error. *A. S. J. Hall* and *Gober & Griffin,* contra.