26502. GAITHER et al. v. THE STATE.

ALMAND, Chief Justice. The defendants (appellants herein) were tried for armed robbery, convicted, and each sentenced to ten years imprisonment. During their trial, the district attorney offered in evidence a transcript of former testimony of one Stacey Rutherford taken more than two months earlier in a juvenile court proceeding. Rutherford was not listed as a witness on the indictment. The earlier testimony concerned the same case, and the defendants were present when it was taken and were represented by counsel who cross examined the witness. The

defendants objected to the admission of the transcript on the ground that the State had failed to prove that Stacey Rutherford was inaccessible. The trial court overruled the objection. Appeal is taken from the judgment of conviction. Error is enumerated on the overruling of the objection.

*Code* § 38-314 provides: "The testimony of a witness, since deceased or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." The question here is whether Stacey Rutherford was "inaccessible" within the meaning of the Code so as to permit the transcript of his former testimony to be admitted in evidence.

In *Robinson v. State,* 128 Ga. 254, 256 (57 SE 315) this court declared: "Whether he is so inaccessible depends upon the diligence shown by the party seeking to use his testimony on a former trial in ascertaining where the witness is and in attempting to bring him into court. Whether such diligence has been shown as to authorize the admission of his testimony on a former trial is a question addressed to the discretion of the trial judge; and the same rule will be applied to the decision of the question of diligence in a particular case as is applied to decisions of other matters involving the exercise of discretion. The judgment will not be reversed unless a manifest abuse of discretion appears."

In the instant case, the State offered the testimony of two witnesses, both investigators for the district attorney's office, to establish the inaccessibility of Stacey Rutherford. One investigator, Mr. Hewett, testified that he had not looked for the witness personally, but that three other persons had. He stated that they had spent approximately 15 to 20 manhours in a 24-hour period looking for the witness, and that 12 or 15 addresses and locations had been checked. The other investigator, Mr. McMichael, appears to have been the principal searcher. He testified that he had never seen the witness and that his descriptions were "really vague in my mind." Stacey Rutherford

was described during the trial as a homosexual and as a "sissy," a male who frequently dressed in female clothing. After describing unsuccessful attempts to locate the witness at two locations, Mr. McMichael testified: "I did find two people who knew this person but had not seen this person in approximately a week. I also talked to one, Ronald Briceson . . . Briceson stated the last contact he had had with this person was approximately two weeks ago and this person was living somewhere on Ashby Street. I have not had a chance to check Ashby Street to find out."

Apparently no attempt was made to locate Stacey Rutherford until the day the trial began. Asked if he had tried to locate the witness when the defendants were indicted, Mr. McMichael testified: "No, I did not. I had discussed with Mr. Jenrette who is the assistant working in juvenile court and it was his suggestion that since we did have a transcript of this person's testimony which was given in juvenile court, he suggested that I not make any attempt to make contact with this person until I could serve this person personally with a subpoena to be in court. It was his thinking we might have some reluctance on the part of this individual to testify and therefore it possibly might make herself or himself unavailable, so therefore rather than to scare this person off I didn't make any contact with him."

We are of the opinion that the search conducted in this case did not meet the requirements of diligence necessary to show that the witness was inaccessible. First, as in *Robinson v. State,* 128 Ga. 254, 257, supra, an investigator received information as to where the witness had reportedly been living, but failed to follow up the lead. In the *Robinson* case, an officer attempting to serve an attachment on a witness did not go to Decatur County where the witness was reported to be working. This court there said: "It would seem that due diligence would have required that the officer with the court's process should have gone to the place where the witness was last seen, that is, in Decatur County." In the instant case due diligence required, at the least, that the district attorney's investigator check Ashby Street where Stacey Rutherford had been reported living ap-

proximately two weeks earlier. The investigator's statement that he had not checked Ashby Street casts considerable doubt on the witness' inaccessibility. He may have been living there at the time of the trial. On the other hand, he may have gone elsewhere, but the investigation was not conducted with sufficient diligence for us to know either way. Secondly, the search for Stacey Rutherford was not begun until after the trial had commenced. The State argues that it would have been unwise to search out the witness earlier, because he might have disappeared rather than testify. This argument is without merit. Had the witness been located and served with a subpoena he might have been present at the trial. If he chose to disappear, the district attorney still could attempt to show his inaccessibility for the purpose of introducing the transcript of his former testimony. In the case of a witness who may be difficult to locate, the State should begin to look for him sooner than was done in this case. The introduction of the testimony of Rutherford at a hearing in the juvenile court was error and requires a new trial.

*Judgment reversed. All the Justices concur.*
ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971.

*Martin L. Fierman,* for appellants.
*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, W. Hensell Harris, Jr.,* for appellee.