## 27775. WHATLEY v. THE STATE.

UNDERCOFLER, Justice. J. C. Whatley was tried and convicted of the offense of murder and sentenced to life imprisonment. During the trial the district attorney moved to introduce the transcript of testimony given by George Morris at the preliminary hearing on the ground that the witness was inaccessible. The defendant objected to the introduction of the transcript and his objection was overruled. He appeals to this court. *Held:*

Code § 38-314 provides: "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proven by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies."

This court declared in *Robinson v. State,* 128 Ga. 254, 256 (57 SE 315): "Whether he is so inaccessible depends upon the diligence shown by the party seeking to use his testimony on a former trial in ascertaining where the witness is and in attempting to bring him into court. Whether such diligence has been shown as to authorize the admission of his testimony on a former trial is a question addressed to the discretion of the trial judge; and the same rule will be applied to the decision of the question of diligence in a particular case as is applied to decisions of other matters involving the exercise of discretion. The judgment will not be reversed unless a manifest abuse of discretion appears."

In the instant case the district attorney moved to introduce the transcript of the testimony of the witness because he was inaccessible. He stated that the witness

had been served with a subpoena; that he had previously responded to subpoenas; that he had not responded to this one; that an attachment had been issued that day for him; that the sheriff had been asked to find the witness; and that the witness was working somewhere in Calhoun, Georgia.

The sheriff testified that the witness had not been found but that he was working somewhere in Gordon County, Georgia.

The trial court allowed the introduction of the transcript in evidence and ordered that the attachment be served as soon as possible.

In *Taylor v. State,* 126 Ga. 557 (2) (55 SE 474), this court held that a witness is not shown to be inaccessible within the meaning of the Code "when it merely appears that the witness is absent from the county" and when he was last heard from he was within the limits of the State.

We are of the opinion that the serving of a subpoena in this case and the issuance of an attachment on the day of the trial is not sufficient to meet the requirements of diligence necessary to show that the witness was inaccessible. *Robinson v. State,* 128 Ga. 254, 257 (57 SE 315); *Gaither v. State,* 227 Ga. 668 (182 SE2d 434). The record does not show due diligence on the part of the State when the witness did not appear at the trial of this case.

*Judgment reversed. All the Justices concur, except Nichols and Jordan, J J., who dissent.*

SUBMITTED MARCH 12, 1973 — DECIDED
APRIL 25, 1973.

*Patton & Flinn, C. Ronald Patton,* for appellant.

*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General, Harold N. Hill, Jr.,*

*Deputy Assistant Attorney General,* for appellee.

JORDAN, Justice, dissenting. The State made a showing that the witness (1) had been subpoenaed and served prior to the date of the trial, (2) that the witness had previously answered to a subpoena in the same case, (3) that his presence was fully anticipated, (4) that he had not been excused, and (5) "we have done everything we can do to get him here." This showing, together with the trial court's knowledge that the witness was subjected to cross examination by defendant's counsel at the preliminary hearing, authorized the trial court to allow the State to proceed under the provisions of Code § 38-314 relating to deceased or inaccessible witnesses. The fact that a witness is within the State does not preclude a finding of inaccessibility under the Code section. *Robinson v. State,* 128 Ga. 254, supra, cited in the majority opinion.

*Robinson* clearly holds that the judgment of the trial court in allowing either party to proceed under this Code section will not be reversed unless a manifest abuse of discretion appears. In my opinion no such showing has been made by the appellant. I would affirm.

I am authorized to state that Justice Nichols concurs in this dissent.