## 31110. LaCOUNT v. THE STATE.

JORDAN, Justice.

Appellant was convicted of murder and armed robbery, sentenced to life and 10 years to run concurrently, and appeals.

While their ship was docked in Savannah, three foreign seamen were robbed and one stabbed to death after being carried away in the assailants' automobile. The two surviving sailors were in attendance at appellant's preliminary hearing and testified through a police interpreter. Both sailors were cross examined by appellant's counsel. The sailors testified that as they and the victim left Riley's Lounge they were approached by an automobile occupied by men they had seen earlier that night in the bar. Three men jumped out of the automobile, robbed them, forced their companion into the automobile and drove away. The sailors were unable to identify appellant from a lineup, although they did later identify appellant as one of their assailants from a group of eight photographs. At the preliminary hearing, both identified appellant as one of their assailants and as the one carrying a pistol.

At the trial, Robert Stephens testified that on the night of the incident he was sitting in his automobile in the vicinity of the bar and saw three men engaged in a struggle with the three sailors. He identified appellant as one of the attackers. The manager of Riley's Lounge testified that he was working at the bar on the night in question, that he knows appellant and that appellant was in the bar around 10:00 p.m.

Appellant testified that he and two friends attended a dance at Savannah State College from 10:00 p.m. until 2:00 a.m. on the night in question and denied being in

Riley's Lounge at any time that night. An employee of the college who was working at the dance testified that appellant entered the dance between 8 and 10 p.m. However, he did not see appellant leave and had no knowledge of the length of his stay. Larry Powers testified that he accompanied appellant to the dance and that they remained until 2:00 a.m.

1. At the trial, the court admitted in evidence, over objection, the testimony of the two foreign seamen taken at the preliminary hearing. Lack of due diligence on the part of the state in securing the attendance of the witnesses at the trial is assigned as error. Appellant argues that the mere showing of the witnesses' absence from the state did not constitute a sufficient foundation for the introduction of their prior testimony, as the state did not show that it had exercised due diligence to insure their presence at the trial.

If the case involves substantially the same parties and issues and the objecting party had the opportunity to cross examine the witness at the preliminary hearing or former trial, the general rule is that the inaccessibility of the witness is a matter largely within the discretion of the trial court. *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973); *Tanner v. State,* 213 Ga. 820 (102 SE2d 176) (1958); *Burns v. State,* 191 Ga. 60 (11 SE2d 350) (1940). Code Ann. § 38-314 and the cases interpreting it permit the introduction of such testimony where it is shown either that the witness is out of the jurisdiction or that he cannot with due diligence be found within the state. See *Estill v. C & S Bank,* 153 Ga. 618 (113 SE 552) (1923); *Smith v. State,* 147 Ga. 689 (95 SE 281) (1918); *Robinson v. State,* 128 Ga. 254 (57 SE 315) (1907); *Taylor v. State,* 126 Ga. 557 (55 SE 474) (1906).

With respect to the inaccessibility of the witnesses, the record shows that the district attorney's office attempted to locate the witnesses by contacting the seamen's booking agent. The agent informed the investigator that at the time of the trial one was aboard the S.S. Wintides off Peru and that the other had an address in Honduras but could not be located by his family. This testimony was sufficient to establish that the witnesses were outside the state and the trial court in so

finding acted within its discretion.

2. Appellant also urges that the interpreter, who was a police officer, was not qualified to act as an interpreter and was biased against the appellant. The use of an interpreter, and the extent to which he may be used in the examination of a witness, must necessarily lie within the sound discretion of the trial judge. *Hensley v. State,* 228 Ga. 501 (186 SE2d 729) (1972). In regard to his qualifications, the police officer testified at the trial that he grew up in South America and that he had served as a Spanish interpreter for the police department on numerous occasions. The interpreter testified that he translated the testimony to the best of his knowledge. Appellant has failed to show that he was harmed by the interpreter, and in fact admits that at the preliminary hearing he waived any objections as no other interpreter was available. See *Western & A. R. Co. v. Deitch,* 136 Ga. 46 (70 SE 798) (1910).

3. Appellant contends that he was not effectively identified as being present at the armed robbery and homicide because of the confusing and contradictory testimony of the two foreign seamen. This enumeration goes to the relative weight of the testimony of the various witnesses which is in the province of the jury. While there is some discrepancy in the seamen's identification of the appellant, the state sought to explain this by the fact that on the night of the incident and in the police photograph appellant's hair was braided, while at the lineup he wore his hair in an afro style. As our statement of facts shows, there was sufficient evidence to support the jury's verdict.

4. Appellant urges that a state witness violated sequestration by meeting with the prosecutor during a recess of the trial. Appellant did not object to the witness being called, but on cross examination asked the witness if he had spoken to the prosecutor during a recess. The issue cannot be raised on appeal absent proper objection in the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1976 — DECIDED JUNE 23, 1976 — REHEARING DENIED JULY 8, 1976.

*Galin & Friedman, Stanley H. Friedman, Martin W. Alpert,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.