S95A1239. RIVERS v. THE STATE.
S95A1240. PALMER v. THE STATE.
(461 SE2d 205)

BENHAM, Chief Justice.

These appeals follow appellants' convictions in a joint trial for murder and armed robbery in Richmond County.[1]

The State presented evidence establishing that the victim, Barney Inabinet, drove to a known crime area in an apparent attempt to purchase cocaine. After the victim stopped his truck, several men, including the appellants, approached him to transact a drug deal. Kenny Walker, a co-indictee who entered a guilty plea to felony murder, testified that he, Palmer, and several of the others then left in separate directions to obtain the cocaine for the victim. Rivers did not leave, and when Walker returned, Palmer and Rivers were struggling with the victim in the truck. Walker saw Palmer and Rivers swinging at the victim and blood running down the victim's face. Walker then jumped onto the bed of the truck, grabbed a pipe lying in the bed of the truck, smashed the rear and passenger windows, and struck the victim. Walker observed Rivers walk from the passenger's to the driver's side and reach for the money contained in the victim's hand.

---

[1] The crimes occurred on March 7, 1992, and the appellants were arrested on March 10, 1992. In September 1992, they were each indicted for malice murder, felony murder, and armed robbery. Their trial took place on November 30-December 4, 1992, at which they were convicted of felony murder and armed robbery. On December 22, 1992, the trial court sentenced the appellants to concurrent terms of life imprisonment for their crimes. Rivers' and Palmer's motions for new trial were filed on December 29, 1992, and denied on February 8, 1995. Rivers' notice of appeal was filed on February 17, 1995, and his appeal was docketed in this Court on April 25, 1995. Palmer's notice of appeal was filed on March 1, 1995, and his appeal was docketed in this Court on April 25, 1995. Both appeals were submitted for decision on briefs on June 19, 1995.

Upon obtaining the money, Rivers yelled, "I got it." He then went to the back of the truck, appeared to hand the money to Palmer, and ran away.

Another witness testified that she was awakened by noises on the night of the murder and ran to the window. From her window she saw Rivers running to a neighbor's home. The witness testified that Palmer and Walker came to her house and that Palmer had blood on his shirt and hands and carried a hammer and a quantity of money that were both bloodstained. The witness testified that one of Palmer's hands was injured. Parsons further testified that Palmer and Walker subsequently conversed about the incident, with Walker asking Palmer why he struck the victim as he did. Another witness testified that Rivers came to her home in the early morning hours with bloodstained hands and wearing a bloody tee shirt. The autopsy of the victim revealed that he died from multiple blunt force trauma to the head and neck inflicted by multiple assailants.

1. Rivers contends that the evidence was insufficient to support the verdict because the evidence was circumstantial and did not exclude every reasonable hypothesis. Specifically, Rivers argues that the evidence supported the hypothesis that Rivers gave the victim drugs and the victim attempted to leave without paying, or that Rivers was attempting to steal the money from the victim. Rivers also argues that the evidence was insufficient to establish culpability on party-to-a-crime or conspiracy theories because there was no evidence that he was armed or acted in concert with the other defendants.

A person may be found to be a party to a crime by his conduct prior to and after the crime. *Garmon v. State*, 122 Ga. App. 61 (176 SE2d 218) (1970). Contrary to Rivers' assertions, the evidence sufficiently established his complicity in the crimes. Rivers was identified with the other defendants at the scene of the crime when the victim was being attacked, and admitted to being present during the attack. Walker testified he saw Rivers beat and take money from the victim, and Rivers was subsequently observed to have cuts and lacerations on his hands and blood on his clothes. Based on this evidence, a trier of fact was authorized to find Rivers guilty beyond a reasonable doubt of felony murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Palmer also contends that the evidence was insufficient to support the verdict because all of the evidence against him was circumstantial and there was no evidence that he acted in concert with the other defendants. Palmer further argues that neither Walker's nor the other witness's testimony was credible since both had ingested considerable amounts of cocaine on the night of the murder.

Palmer's contention regarding the credibility of witnesses is not reviewable on appeal. *Sewell v. Bill Johnson Motors*, 213 Ga. App.

853 (446 SE2d 239) (1994). Palmer was observed at the scene striking the victim. He was subsequently observed with bloodstained clothes and injured hands, and was observed carrying a hammer and a quantity of money that were both bloodstained. Further, Palmer was overheard conversing about the murder. Based upon the evidence presented by the State, we conclude a trier of fact was authorized to find Palmer guilty of felony murder and armed robbery. *Jackson v. Virginia*, supra.

3. Rivers enumerates as error the trial court's admission of photographs of him and a portion of his right hand. Rivers asserts that his Fifth and Fourteenth Amendment rights under the United States Constitution were violated because, although he was given his *Miranda* warnings, no written consent was obtained from him and no evidence existed that he consented to the photograph. We conclude that this contention lacks merit since Rivers was required to do no more than submit to the taking of photographs and, under *Schmerber v. California*, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) (1966), a defendant's federal constitutional right against self-incrimination is not violated. Even if Rivers had asserted that his rights were violated under the more protective Georgia Constitution, our decision in *Creamer v. State*, 229 Ga. 511 (192 SE2d 350) (1972), dictates otherwise.

4. Rivers contends that the trial court erred in failing to grant his motion for mistrial after a detective witness testified that he arrested Rivers upon receiving information from a witness concerning Rivers' involvement in the murder. However, because the detective witness could testify that he arrested Rivers after conversing with someone so long as he did not relate the substance of that conversation, *Shellnut v. State*, 215 Ga. App. 58 (449 SE2d 652) (1994), we conclude that the trial court properly allowed the testimony.

5. Rivers also contends that the trial court erred in refusing to admit into evidence the testimony given at a bond reconsideration hearing by a witness who had evaded service of subpoena and refused to appear at trial. Rivers further contends that the trial court's opinion of the witness's veracity affected its ruling. In refusing to admit the prior testimony, the trial court found that the witness had not been shown to be unavailable, and that the missing witness was "demonstratively and utterly untrustworthy."

A party attempting to have prior testimony admitted must show that the witness is unavailable, and a court's refusal to admit such testimony is reviewed on an abuse of discretion basis. *Johnson v. State*, 197 Ga. App. 384 (398 SE2d 432) (1990). The trial court here did not abuse its discretion since Rivers failed to show that the witness could not "with due diligence be found within the state," *LaCount v. State*, 237 Ga. 181, 182 (227 SE2d 31) (1976), but simply showed that the witness refused to come to the door when an attempt

at service was made. Because we affirm the trial court's ruling on un-availability grounds, it is unnecessary to determine whether the trial court properly considered the witness's trustworthiness in deciding whether to admit the testimony.

6. Both Rivers and Palmer argue that the trial court erred in failing to grant their motions for mistrial or, in the alternative, in failing to rebuke the prosecutor and adequately instruct the jury to disregard the prosecutor's purported improper remarks during closing argument regarding the consequences of the jury's verdict. In argument, the prosecutor commented: "You'll have to recall . . . yourself what you heard. You'll have to recall for yourself. But there are real consequences to what you do. There are real consequences if you let these men go." The trial court responded to appellants' objection by stating: "The consequences of this jury's decision simply is not a consideration; it's simply not. The consequences of the jury is to deliberate and it will be either a guilty verdict or a not guilty verdict, period."

The State's comment was improper because it could "divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict." *Walker v. State*, 254 Ga. 149 (327 SE2d 475) (1985); *Calhoun v. State*, 213 Ga. App. 375 (444 SE2d 405) (1994). Because the State's comment was improper, the court was required to rebuke counsel. OCGA § 17-8-75. However, this Court has held that "where the instruction by the court to the jury to disregard the remarks was full, it in effect amounted to a rebuke of counsel." *Counts v. Moorehead*, 232 Ga. 220 (1) (206 SE2d 40) (1974); *Ward v. State*, 252 Ga. 85 (2) (311 SE2d 449) (1984). Because the court's instructions following appellants' objections clearly informed the jury not to consider the consequences of its verdict, we conclude that the instructions amounted to a rebuke of counsel and cured any impropriety of the prosecutor's comments.

7. Palmer also argues that the State improperly appealed, during its closing argument, to the prejudices of the jury with respect to drug abuse and drug dealing in the community. However, because Palmer failed to object to the prosecutor's argument at trial, this issue may not be considered on appeal. *Scott v. State*, 243 Ga. 233 (253 SE2d 698) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995 —
RECONSIDERATION DENIED OCTOBER 2, 1995.

*Stanley C. House,* for appellant (case no. S95A1239).
*David V. Weber,* for appellant (case no. S95A1240).

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.