S05A0187. BRAGG v. THE STATE.
(611 SE2d 17)

FLETCHER, Chief Justice.

Charles Eric Bragg appeals from his convictions for malice murder, possession of a firearm during the commission of a crime, and concealing the death of another.[1] Bragg claims that the trial court erred in failing to admit into evidence a hearsay statement by Sam

---

[1] The crimes occurred on or around October 21, 2001. On August 5, 2002, Bragg was indicted for malice murder, possession of a firearm during the commission of a crime, and concealing the death of another. On February 4, 2003, a Bulloch County grand jury returned a superseding indictment that alleged the same three crimes plus a fourth crime of aggravated sodomy. On August 25, 2003, the jury convicted Bragg on all counts except aggravated sodomy; he was sentenced to life in prison for the malice murder, five consecutive years for the possession, and ten consecutive years for the concealment. Bragg filed a timely notice of appeal on September 24, 2003. This case was docketed in this Court on September 28, 2004, and submitted on the briefs on November 22, 2004.

Moreau implicating another person as the shooter. Finding no error, we affirm.

1. Viewed in the light most favorable to the jury's determination of guilt, the evidence at trial showed that Michael Scott Brown was shot in the back of the head with Bragg's gun in the woods behind Bragg's family's property on October 21, 2001. The victim's body was found in a landfill two days later.

The day the body was found, Jason McCall, a friend of Bragg's, confided to his fiancée that Bragg shot the victim, then called McCall to help dispose of the body. Several months later McCall's fiancée relayed this information to the police, which led to McCall confessing his role in the concealment. He also agreed to secretly videotape a conversation with Bragg about the shooting. On the tape, which was played for the jury, Bragg laughs and brags about killing the victim, and at one point stands up to demonstrate how he did it.

We conclude that a rational trier of fact could have found beyond a reasonable doubt that Bragg was guilty of the crimes for which he was convicted.[2]

2. Bragg's sole enumeration of error on appeal is that the trial court erred in failing to admit into evidence a hearsay statement by Sam Moreau implicating McCall as the shooter. Moreau was McCall's neighbor. Over four months after the shooting, Moreau and McCall were using drugs together when McCall admitted to shooting the victim using Bragg's gun without Bragg's knowledge. Moreau relayed this information to police, but moved from Georgia before Bragg's trial and failed to return to testify. Bragg moved to introduce Moreau's statement to police under the necessity exception to the hearsay rule.[3] The trial court ruled that Bragg had made an insufficient showing of Moreau's unavailability and denied the motion.

It is undisputed that Moreau lived in Arkansas at the time of Bragg's trial. This Court has held that an out-of-state witness is deemed unavailable for purposes of admitting the witness's prior testimony.[4] Moreau's statement was not prior testimony; however, this Court recently held that "the test of unavailability or 'inaccessibility' is the same for both the necessity exception and the 'prior testimony' exception to the hearsay rule."[5] Therefore, the trial court

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 24-3-1 (b).

[4] See *Estill v. C & S Bank*, 153 Ga. 618, 623 (113 SE 552) (1922) ("The law is plain that if the witness, at the time of this trial, resided beyond the limits of this State, he was inaccessible; and his testimony on the former trial should have been admitted by the court."); see also *LaCount v. State*, 237 Ga. 181, 182 (227 SE2d 31) (1976) (citing *Estill*); *Rivers v. State*, 265 Ga. 694, 696 (461 SE2d 205) (1995) (citing *LaCount*).

[5] *Holmes v. State*, 271 Ga. 138, 140 (516 SE2d 61) (1999).

erred in ruling that Moreau was not unavailable to testify at trial.

But hearsay evidence must still show particularized guarantees of trustworthiness to be admissible.[6] It is unnecessary for us to decide whether Moreau's statement to police had the requisite trustworthiness because McCall's statement to Moreau is also hearsay, and it was not trustworthy. McCall made the statement to Moreau over four months after the shooting while both were on drugs, and therefore this statement was inadmissible under the necessity exception to the hearsay rule.[7] Finding no error in excluding this statement, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Robert S. Lanier, Jr.*, for appellant.
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[6] See, e.g., *Yancey v. State*, 275 Ga. 550 (570 SE2d 269) (2002).

[7] See *Messick v. State*, 276 Ga. 528, 530 (580 SE2d 213) (2003) (non-suspect's confession to acquaintance lacked sufficient degrees of trustworthiness because it was made "at the end of an all-day drinking session ten days after the murder"). Compare *Chambers v. Mississippi*, 410 U. S. 284, 311-312 (93 SC 1038, 35 LE2d 297) (1973) (defendant's due process rights violated by the exclusion of three hearsay statements of another confessing to the murder, each such statement being made to close acquaintances shortly after the murder, and each statement being corroborated by the other statements and additional evidence).