S12A0948. HILL v. THE STATE.
(728 SE2d 225)

CARLEY, Presiding Justice.

After a jury trial, Lavar Anthony Hill was found guilty of the felony murder of Jarvis Lewis during the commission of aggravated assault, a separate count charging that underlying felony, possession of marijuana, and possession of a firearm during the commission of a crime. The trial court merged the aggravated assault count into the felony murder verdict, entered judgments of conviction on the remaining guilty verdicts, and sentenced Hill to life imprisonment for felony murder, a concurrent ten-year term for the drug offense, and a consecutive five-year term for the weapons offense. A motion for new trial was denied, and he appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that Hill and two others smoked some marijuana and then went with the victim to watch a movie in an apartment. Subsequently, the victim and his girlfriend Vonica Brown went into a bathroom and loudly argued. Sarah Chavez-Hopkins went to the bathroom door and told them to calm down. Hill then burst through the door, attacked the victim, pulled a gun from his pocket, and shot the victim four times. When police arrived, the victim was lying

---

[*] The crimes occurred on September 21, 2007, and the grand jury returned an indictment on June 29, 2010. The jury found Hill guilty on July 12, 2010, and the judgments of conviction and sentences were entered on July 13, 2010 and corrected on July 15, 2010. The motion for new trial was filed on July 16, 2010, amended on April 15, 2011, and denied on October 25, 2011. Hill filed the notice of appeal on November 9, 2011. The case was docketed in this Court for the April 2012 term and was orally argued on May 8, 2012.

outside the apartment and told a detective that Hill did it. The victim subsequently died of the gunshot wounds. The gun used to shoot the victim was found behind a bush near two small bags of marijuana. A knife was found near the victim, medical testimony showed that Hill received a stab wound and a laceration, and Hill claimed self-defense, testifying that the victim attacked him with a knife while Ms. Chavez-Hopkins told the victim to stop stabbing him. However, in admitting the shooting to a friend, Hill explained that he had "snapped," and both Ms. Brown and Ms. Chavez-Hopkins testified that they saw Hill pull the gun but never saw the victim with a knife. The evidence was sufficient to enable a rational trier of fact to find Hill guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McNeil v. State*, 284 Ga. 586, 588 (1) (669 SE2d 111) (2008).

2. Hill contends that the trial court erred in failing to administer the oath to the trial jury required by OCGA § 15-12-139, as the record is devoid of evidence that such oath was administered, and the State failed to supplement the record properly.

"The oath provided in OCGA § 15-12-139 is mandatory and a trial court's total failure to give the oath to the jury is reversible error. [Cits.]" *Adams v. State*, 286 Ga. 496, 497 (2) (690 SE2d 171) (2010). In other words, "where it appears affirmatively that the jury was not sworn, a subsequent conviction must be set aside 'and the case must be remanded for retrial.' [Cit.]" *Benton v. State*, 286 Ga. App. 736 (649 SE2d 793) (2007). However, Georgia courts have consistently held that the mere failure of the record to reflect whether the jury was sworn does not constitute reversible error. *Smith v. State*, 235 Ga. 852, 853 (3) (221 SE2d 601) (1976); *Bynum v. State*, 300 Ga. App. 163, 167 (3) (684 SE2d 330) (2009); *Benton v. State*, supra. " 'A fear . . . that the oath may not have been given must be met with the rule that, unless shown otherwise, the trial court is presumed to have followed the law.' [Cits.]" *Bynum v. State*, supra. " 'The presumption exists that the judge discharged all his duties, including the swearing of the jury. If in fact this was not done, the appellant's remedy (is) to have the record corrected by following the provisions of (OCGA § 5-6-41 (f)).' [Cits.]" *Keller v. State*, 261 Ga. App. 769, 770 (2) (583 SE2d 591) (2003). See also *Benton v. State*, supra at 736-737. Thus, Hill's objection that the State did not move for correction of the record and properly comply with the procedural requirements of OCGA § 5-6-41 (f) is without merit.

Moreover, although Hill initially made that objection at the hearing on the motion for new trial, he subsequently acquiesced in the trial court's hearing of the issue at that time, and he requested

and was granted the opportunity for a second hearing, at which he could and did present an additional witness. The trial court therefore "conducted a [full] hearing to determine whether the jury had, in fact, been properly sworn." *Keller v. State*, 271 Ga. App. 79, 81 (4) (608 SE2d 697) (2004). The court found "completely credible" the prosecutor's testimony that, for several reasons, she had a distinct memory that the trial court did, in fact, swear in the jury. The court also discounted the testimony of the court reporter, finding that, because transcription of voir dire was declined by the parties, she was not in the courtroom during any portion of voir dire, including the swearing-in of the petit jury at the conclusion of the voir dire process. See *Benton v. State*, supra at 736. Accordingly, the trial court was authorized to conclude that, to the extent that OCGA § 5-6-41 (f) was applicable, the required hearing was held with notice to both parties and the oath was administered. See *Smith v. State*, supra; *Keller v. State*, supra at 81-82 (4).

3. On the Friday before the week of trial, the trial court held a hearing on a motion for immunity based on self-defense pursuant to OCGA § 16-3-24.2. At that hearing, Willington Poole testified that Ms. Chavez-Hopkins told him that the victim just got shot and Hill got stabbed and that she guessed that the victim had a knife, but that she neither saw the stabbing nor knew that the victim had a knife at the time of the shooting. The State had Poole under subpoena but did not intend to call him. During trial, the State's investigator telephoned Poole at defense counsel's request, eventually talked with Poole and, when he did not arrive at the agreed time, began calling him again unsuccessfully. Hill's attorney sought to introduce a transcript of Poole's prior testimony "under the rule of necessity." The prosecutor argued, among other things, that defense counsel could send an investigator to Poole's house, and the trial court gave counsel until 1:00 p.m. the next day to make a good faith effort to obtain Poole's presence. Defense counsel's intern called Poole the next morning, but he did not answer the phone again and never came to court. The trial court refused to allow the introduction of the transcript of Poole's prior testimony, and Hill enumerates this ruling as error.

"Testimony given by an 'inaccessible' witness under oath in a former proceeding on substantially the same issue and between the same parties is admissible under OCGA § 24-3-10. [Cits.]" *Thomas v. State*, 290 Ga. 653, 657 (4) (723 SE2d 885) (2012). "Hearsay offered under this section is admitted from necessity since the declarant is unavailable to give testimony at trial. [Cit.]" Paul S. Milich, *Ga. Rules of Evidence* § 19:27 (2011-2012 ed.). " '(T)he inaccessibility of a witness under (OCGA § 24-3-10) depends upon a showing by the party

seeking to use the witness' former testimony that he has used due diligence in trying to locate and bring to court the absent witness.' [Cit.]" *Thomas v. State*, supra.

"Appellate courts have been fairly strict in requiring proof of sustained efforts by parties to locate the witness in question before allowing the admission of such testimony." Anne E. Melley, 11 *Ga. Proc. Criminal Procedure* § 24:21. "The cases suggest that due diligence requires more than a few phone calls and that the party must make a serious, competent effort to find and bring the witness to court. [Cits.]" Milich, supra. Thus, defense counsel's statements at trial regarding the attempts to contact Poole do not require a finding of unavailability. *Jones v. State*, 250 Ga. 166, 168 (2) (296 SE2d 598) (1982). Furthermore, Hill was not entitled to rely on the State to summon a witness whom it had subpoenaed but on whom it did not rely to make out its case. See *Todd v. State*, 243 Ga. 539, 542 (2) (255 SE2d 5) (1979); *Bonds v. State*, 232 Ga. 694, 696 (5) (208 SE2d 561) (1974). Therefore, the subpoena obtained by the State, combined with the attempts to locate Poole on the day that Hill intended to call him as a witness and on the following day, clearly do not demand a finding of due diligence in obtaining Poole's presence. See *Whatley v. State*, 230 Ga. 523, 524 (198 SE2d 176) (1973). Hill's delay in attempting to contact Poole and Hill's failure to have any investigator go to Poole's known address are contrary to the requirements of diligence necessary to show that the witness was inaccessible. See *Gaither v. State*, 227 Ga. 668, 670-671 (182 SE2d 434) (1971).

" 'Whether a witness is inaccessible within the meaning of [OCGA] § 24-3-10 is a decision left to the discretion of the trial court, which will not be reversed absent manifest abuse.' [Cit.]" *Thomas v. State*, supra. "We find that there is evidence to support the trial [judge's] ruling and that he did not abuse his discretion." *Jones v. State*, supra. We also note that, although Hill did rely on the "former testimony" hearsay exception in OCGA § 24-3-10 on motion for new trial, he has argued on appeal the applicability of the general "necessity" exception to the hearsay rule. However, the latter argument is of no possible benefit to Hill because the members of this Court have consistently agreed that the test of unavailability under the general necessity exception is at least as strict as the test of inaccessibility under OCGA § 24-3-10. *Bragg v. State*, 279 Ga. 156, 157 (2) (611 SE2d 17) (2005); *Holmes v. State*, 271 Ga. 138, 140 (2) (516 SE2d 61) (1999); *Holmes v. State*, supra at 143 (Benham, C. J., concurring specially).

4. Hill further contends that his trial counsel provided ineffective assistance by failing to exercise reasonable diligence in securing Poole's attendance at trial. To succeed on this claim under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Hill

was required to show both "that his counsel's performance was professionally deficient and that but for counsel's unprofessional conduct, there is a reasonable probability the outcome of the proceedings would have been different. [Cit.]" *Varner v. State*, 285 Ga. 300, 301 (3) (676 SE2d 189) (2009).

> This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." [Cit.] The likelihood of a different result must be substantial, not just conceivable. [Cit.]

*Harrington v. Richter*, ___ U. S. ___ (IV) (B) (131 SC 770, 792, 178 LE2d 624) (2011). On appellate review, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

Poole did not testify at the hearing on the motion for new trial. However, assuming not only that trial counsel's performance was professionally deficient for failing to exercise reasonable diligence in obtaining Poole's presence at trial, but also that Poole otherwise would have attended trial and given the same testimony as at the pre-trial hearing, the trial attorney's deficient performance nevertheless cannot be deemed prejudicial unless Hill has shown that Poole's "testimony would have been relevant and favorable. [Cit.]" *Smith v. State*, 273 Ga. 356, 358 (3) (541 SE2d 362) (2001). To the contrary, Poole's pre-trial testimony would have contradicted Hill's own testimony that Ms. Chavez-Hopkins told the victim not to stab him, would have corroborated Ms. Chavez-Hopkins' and Ms. Brown's testimony that they did not see the victim stab Hill, and would not have established that the two women saw the victim with a knife during the altercation. Accordingly, the trial court was authorized to find that Hill failed to meet his burden of showing any substantial likelihood of a different result but for counsel's deficient performance, and we therefore find no error in the trial court's rejection of Hill's claim of ineffective assistance. Compare *Gravitt v. State*, 301 Ga. App. 131, 137 (2) (687 SE2d 150) (2009).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

*Bernard S. Brody*, for appellant.

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General,* for appellee.