297 Ga. 107
FINAL COPY

S15A0421. MANN v. THE STATE.

MELTON, Justice.

Following a jury trial, Willie Lee Mann was found guilty of the felony murder and aggravated assault of Dennis Bennett.[1] On appeal, Mann contends that, among other things, the trial court erred by failing to suppress one of his statements and trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that, after

---

[1] On March 21, 2000, Mann was indicted for malice murder, two counts of felony murder (one predicated on armed robbery and one predicated on aggravated assault), armed robbery, and aggravated assault. After two subsequent mistrials, Mann was reindicted for malice murder, felony murder predicated on aggravated assault with a deadly weapon, and aggravated assault with a deadly weapon. Following a jury trial, Mann was found guilty of felony murder and aggravated assault with a deadly weapon. On February 13, 2010, Mann was sentenced to life imprisonment for felony murder, and the aggravated assault count was merged for sentencing purposes. On February 17, 2009, Mann filed a motion for new trial, which he amended on December 29, 2010. The motion was denied on July 11, 2011. Thereafter, Mann filed a timely notice of appeal, and, following the preparation of transcripts, his case was docketed to the January 2015 term of this Court and submitted for decision on the briefs.

work, on January 26, 2000, Bennett and Duke Gravitt went to a local bar in Gravitt's red truck. After a while, Bennett told Duke that he wanted to"pick up a little smoke." Duke allowed Bennett to borrow his truck to drive to the nearby Leila Valley Apartments. When Bennett arrived, he drove to a back corner and asked Tyrone Robinson if anyone had marijuana to sell. Robinson called out to Mann, who happened to be sitting outside with Rontae Smith. Mann and Smith approached the truck. After some negotiation, Mann left momentarily and returned. Mann and Bennett exchanged words, and then gunshots were fired. Mann fled the scene of the shooting. When police arrived later, they found Bennett fatally wounded by a gunshot to the back. Investigators processed the truck for fingerprints, and discovered Mann's palm prints on the driver's door. Two eyewitnesses were later found by police. Tamara Johnson testified that she heard shots, went to her window, and saw Mann standing by the driver's side of the truck. In her original statement, she said that she also saw Smith nearby. Gweenda Ward testified that, while standing outside, she witnessed Mann walk up to the driver's side of the truck, she heard gunshots, and then she saw Bennett slump over in the truck. Neither Johnson nor Ward testified that they actually saw Mann holding a weapon, although Ward stated that, before the

2

shooting, she heard Mann ask Robinson to bring him a gun.

This evidence was sufficient to enable the jury to find Mann guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Mann contends that the trial court erred by charging the jury on the law of parties to a crime. Specifically, Mann argues that, because the indictment accused Mann of personally committing the crime, his due process rights were violated when the jury was also instructed that he could be found guilty as merely a party to the murder of Bennett. We disagree.

> OCGA § 16-2-21 does not require that one who is a party to the crime be indicted as a party; rather, it provides that one who is a party to the crime may be indicted, convicted and punished for that crime upon proof that he was a party to the crime. Brinson v. State, 261 Ga. 884 (1) (413 SE2d 443) (1992). See also Byrum v. State, 282 Ga. 608, 609-610 (2) (652 SE2d 557) (2007). In the present case, the jury was satisfied beyond a reasonable doubt that these [three] offenses were committed and that [Mann] was[, at least,] party to their commission. That is all that is required under Georgia law, and, therefore, the convictions were proper.

Young v. State, 290 Ga. 392, 395 (3) (721 SE2d 855) (2012). There was no error in the trial court's instruction.

3. Mann contends that the trial court erred by denying a motion to

3

suppress his post-arrest statement that he was not at the scene of the crime when the murder occurred. Specifically, Mann contends that he unequivocally invoked his right to counsel and the investigating police officer improperly continued to interrogate him.

> A suspect who asks for a lawyer at any time during a custodial interrogation may not be subjected to further questioning by law enforcement until an attorney has been made available or until the suspect reinitiates the conversation. If the police persist in questioning a suspect who has requested that counsel be present, any resulting statements made by the suspect are inadmissible in the State's case-in-chief. In order for a suspect to properly invoke his right to counsel during a custodial interrogation, he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. Invocation of the Miranda right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning.

(Citations and punctuation omitted.) Willis v. State, 287 Ga. 703, 704 (2) (699 SE2d 1) (2010).

The following transpired between Mann and the questioning officer, Detective Smith:

4

DETECTIVE SMITH: Continue reading out loud for me.

MANN: After having my constitutional rights explained to me, I freely and voluntarily waive my right to an attorney. I am willing to make a statement to the officer.

DETECTIVE SMITH: Now, before you go over that question, my question to you is would you like to discuss this case with me without an attorney present?

MANN: Yeah, I like to discuss.

DETECTIVE SMITH: Okay. And then after waiving — after having waived by constitutional rights explained to me — correction — after having my constitutional rights explained to me, I freely and voluntarily waive my right to an attorney; is that not correct?

MANN: No.

DETECTIVE SMITH: That is correct?

MANN: Will I waive my right to a [sic] attorney?

DETECTIVE SMITH: Yeah.

MANN: Well, y'all going appoint me a [sic] attorney?

5

DETECTIVE SMITH: Naw, I'm going to keep talking to you.

MANN: Oh.

DETECTIVE SMITH: Okay. And I am willing to make a statement

to the officer; is that not correct.

MANN: Yeah.

DETECTIVE SMITH: Okay. Read that for me again.

MANN: What, this?

DETECTIVE SMITH: No, I am willing —

MANN: I am willing to make a statement to the officer.


Here, Mann's request for an attorney is ambiguous and equivocal. Even if not, any error in admitting Mann's statement was rendered harmless when Mann took the stand and reiterated the same defense that he was not present at the scene at the time of the murder. Webb v. State, 284 Ga. 122 (3) (663 SE2d 690) (2008). Because Mann's testimony at trial was consistent with his custodial statement, any error in admitting the statement would be harmless. Id.

4. Mann contends that his counsel rendered ineffective assistance by failing to (a) object to the trial court's jury instruction regarding parties to a

6

crime and (b) object to testimony from Gravitt that Bennett was going home to see his son on the night of the murder as well as statements by the prosecutor during closing arguments regarding Bennett's status as a father.

> In order to succeed on his claim of ineffective assistance, [Mann] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) As set forth in Division 2, supra, the trial court did not err in charging the jury on parties to a crime. Therefore, any objection to the instruction would have been meritless, and the failure to make a meritless objection does not constitute ineffective assistance of counsel. See Durden v. State, 293 Ga. 89, 97 (6) (a) (744 SE2d 9) (2013), overruled on other grounds by Jeffrey v. State, 296 Ga. 713 (___ SE2d ___) (2015).

(b) Mann contends that trial counsel rendered ineffective assistance by failing to object to testimony from Gravitt and closing arguments from the prosecutor referencing the fact that Bennett had a son. Mann argues that these references inflamed the jury by implicitly and explicitly conveying that a child had been left fatherless by the murder. Trial counsel testified that she strategically chose not to object to references to Bennett's fatherhood for two reasons — she did not want to be perceived as attacking the victim and she did not want to highlight the testimony. In general, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. Romer v. State, 293 Ga. 339 (3) (745 SE2d 637) (2013). Trial counsel's strategy in this case was reasonable.

Judgment affirmed. All the Justices concur, except Nahmias, J., disqualified.

Decided May 11, 2015.

Murder. Fulton Superior Court. Before Judge Russell.

King & Spalding, Kendall W. Carter, for appellant.

8

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Joshua D. Morrison, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assitant Attorney General, Christian A. Fuller, Assistant Attorney General, for appellee.