**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 17, 2025**

# In the Court of Appeals of Georgia

A25A0696. BELL v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Martarius Bell was convicted of speeding, fleeing or attempting to elude, two counts of aggravated assault on a peace officer, possession of cocaine, and possession of a firearm during the commission of a felony. After his motion for new trial was denied, Bell filed this appeal, in which he contends that his convictions should be reversed because (1) the bailiffs and prospective jurors were not properly sworn; (2) the jury pool was not randomly selected; (3) the trial court erred by improperly instructing the jury; and (4) trial counsel provided ineffective assistance. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence presented at trial shows that on September 13, 2018, two officers observed a red Toyota Corolla traveling on the interstate at a high rate of speed. The officers, who were in a vehicle together, gave chase and attempted to pull the vehicle over, but it continued to speed. Bell was the fleeing vehicle's driver and sole occupant. As the officers unsuccessfully attempted a PIT maneuver, Bell braked and brought his vehicle parallel with that of the officers. At this time, both officers saw Bell pointing a gun at them. The high-speed chase continued, and Bell threw various items from his vehicle, including a firearm, which was later recovered. Bell eventually pulled over and was arrested. A search of his vehicle revealed 1.078 grams of cocaine.

The jury returned guilty verdicts as to speeding (Count 1); fleeing or attempting to elude a police officer (Count 2); two counts of aggravated assault on a peace officer (Counts 3 and 4); possession of cocaine (Count 5); and possession of a firearm during the commission of a felony (Count 7).[2] Bell filed a motion for new trial, which he amended once. The trial court denied the motion, finding, among other things, (1) that

---

[1] See *Fairwell v. State*, 311 Ga. App. 834, 835 (1) (717 SE2d 332) (2011), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[2] The trial court entered an order of nolle prosequi as to the charges of possession of marijuana (Count 6) and possession of a firearm by a convicted felon (Count 8).

the bailiffs and jurors had received the required oaths prior to serving; (2) that Bell had not carried his burden in challenging the jury array; (3) that the preliminary jury instructions were correct; and (4) that trial counsel did not provide ineffective assistance. Bell now appeals.

1. Bell first contends that his convictions must be reversed because neither the bailiffs nor the prospective jurors were properly sworn prior to serving. We disagree on both counts.

Bell bears the burden of showing affirmatively that the bailiffs were not sworn, and "where bailiffs take charge of juries, there is a presumption that they were regularly sworn."[3] There is nothing in the record indicating that the bailiffs in this case were not sworn. Bell argues that "[t]here is no record of the bailiffs . . . being sworn," but the lack of a recording "does not require a finding that the bailiffs were not properly sworn."[4] As such, Bell has failed to rebut the presumption that the bailiffs in this case were properly sworn.

Similarly, Bell asserts that "[t]here is no record of the . . . jury being sworn as

---

[3] (Punctuation omitted.) *Arnold v. State*, 250 Ga. App. 461 (552 SE2d 454) (2001), quoting *Wilson v. State*, 227 Ga. App. 59, 63 (4) (488 SE2d 121) (1997).

[4] *Wilson*, 227 Ga. App. at 63 (4), citing *Jackson v. State*, 152 Ga. 210, 213 (108 SE2d 784) (1921).

required by OCGA § 15-12-132." OCGA § 15-12-132 requires a trial court to give prospective jurors the following oath prior to voir dire: "You shall give true answers to all questions as may be asked by the court or its authority, including all questions asked by the parties or their attorneys, concerning your qualifications as jurors[.]" The record reflects that, prior to voir dire, the prospective jurors received this oath. Although it was not transcribed beyond noting that the oath was given, nothing in the record indicates that the trial court deviated from the requirements of OCGA § 15-12-132 in swearing in the prospective jurors.[5] Accordingly, Bell has failed to demonstrate that the jurors were not properly sworn,[6] and this enumeration is without merit.

2. Bell next contends that his convictions should be reversed because the juror pool from which his trial jury was selected was not random as required by OCGA § 15-12-66.1. This enumeration presents no basis for reversal.

The record reflects that only 43 of the 150 prospective summoned jurors appeared for service during the week of Bell's trial. At the motion for new trial

---

[5] (Citations and punctuation omitted.) *Hill v. State*, 291 Ga. 160, 161 (2) (728 SE2d 225) (2012) ("[T]he mere failure of the record to reflect whether the jury was sworn does not constitute reversible error. A fear that the oath may not have been given must be met with the rule that, unless shown otherwise, the trial court is presumed to have followed the law. The presumption exists that the judge discharged all his duties, including the swearing of the jury.").

[6] See id.

hearing, trial counsel testified that he believed that due to this shortage the trial court "was going to send the deputies to go round up more jurors." Trial counsel testified that he did not know how such additional jurors would be chosen. Bell's argument is that if the trial court had sent deputies to make their own decisions about whom to track down and bring to court, the randomness requirement of OCGA § 15-12-66.1 would have been violated.[7]

Bell's argument is flawed in multiple respects. First, OCGA § 15-12-66.1 applies to prospective grand jurors, not prospective trial jurors. And even construing Bell's challenge as a challenge to the array of prospective trial jurors pursuant to OCGA § 15-12-162, Bell failed to put this challenge in writing as required by the statute.[8] Most importantly, the record does not reflect that any prospective jurors were found and brought to court by deputies. At the motion for new trial hearing, the trial court clerk testified that letters were sent to prospective trial jurors who were

_____

[7] OCGA § 15-12-66.1 provides that "[w]hen from challenge or from any other cause there are not a sufficient number of persons in attendance to complete the empaneling of grand jurors, the presiding judge shall order the clerk to choose at random from the names of persons summoned as trial jurors a sufficient number of prospective grand jurors necessary to complete the grand jury."

[8] See *Usher v. State*, 258 Ga. App. 459, 464 (2) (574 SE2d 580) (2002) ("[T]he challenge [to the jury array] must be in writing."); *Terrell v. State*, 201 Ga. App. 628, 629 (2) (411 SE2d 779) (1991) ("Under OCGA § 15-12-162, a challenge to the jury array must be in writing.") (punctuation omitted).

summoned but did not appear during the week of Bell's trial. The clerk testified that deputies were not dispatched to gather prospective jurors. Although some of the jurors selected for Bell's trial were also selected for another trial that week, the prospective jurors who appeared were sufficient to comprise the panel from which Bell's jury was selected. Accordingly, Bell has not shown error regarding the prospective juror array in his case.

3. Bell contends that the trial court erred by improperly instructing the jury during its preliminary instructions. We disagree.

In its pretrial instructions to the jury, the trial court outlined the phases of a criminal trial. In explaining closing arguments, the trial court gave the jury the following instruction: "Both sides do closing arguments. Which, again, both sides want to win. The State is going to get up and present their side[,] and the defendant is going to get up and present his side and try to sway you." Bell argues that by giving this instruction, the trial court improperly expressed an opinion as to the guilt of the accused in violation of OCGA § 17-8-57.[9] Bell did not object to this instruction. Thus,

---

[9] OCGA § 17-8-57 (a) (1) provides that "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion . . . as to the guilt of the accused."

this enumeration is subject only to plain error review,[10] under which we apply the following analysis:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.[11]

"[S]atisfying the plain-error standard is difficult, as it should be."[12]

Bell did not affirmatively waive this issue at trial, so the first prong of plain error is met. As to the second prong, however, Bell has not shown that the trial court's instruction was error, let alone clear or obvious error. Bell's argument ignores the immediate context of the instruction, which was an accurate description of what the

---

[10] OCGA § 17-8-58 (b).

[11] (Citation, punctuation, and emphasis omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

[12] (Punctuation omitted.) *State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017).

jurors could expect during closing arguments. The trial court merely highlighted the adversarial nature of the proceedings, in which both the State and the defense would have an opportunity to make closing remarks in an effort to persuade the jury to accept their view of the evidence.

Bell's argument also ignores the larger context of the jury instructions taken as a whole.[13] In its formal charges at the close of the evidence, the trial court correctly instructed the jury on the presumption of innocence, that the State bore the burden of proving the defendant guilty beyond a reasonable doubt, and that "[b]y no ruling or comment that the court has made during the progress of the trial has the court intended to express any opinion . . . upon the guilt or innocence of the defendant."

Given the immediate context and taking the instructions as a whole, we cannot say that the trial court's statement improperly commented on the guilt of the defendant or was otherwise incorrect. Accordingly, this enumeration does not survive plain error review.[14]

---

[13] (Punctuation omitted.) *Minor v. State*, 328 Ga. App. 128, 132 (2) (a) (761 SE2d 538) (2014) ("It is well settled that the charge to the jury is to be taken as a whole and not out of context when making determinations as to its correctness.").

[14] See *Hill v. State*, 310 Ga. 180, 194 (11) (a) (850 SE2d 110) (2020) ("The Court need not analyze all of the elements of the plain error test when the appellant fails to establish one of them.") (citation omitted).

4. Finally, Bell contends that his trial counsel was deficient for failing to object to the trial court's instruction discussed in Division 3. We disagree.

To prevail on a claim of ineffective assistance of counsel, Bell must show that his counsel's performance was "deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[15] "If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court."[16]

As discussed above, the trial court's instruction did not constitute an improper comment on the guilt of the accused and was not otherwise incorrect. "Thus, an

---

[15] (Citation and punctuation omitted.) *Anderson v. State*, 371 Ga. App. 139, 141 (2) (899 SE2d 770) (2024), citing *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[16] *Barge v. State*, 294 Ga. 567, 569 (2) (755 SE2d 166) (2014).

objection on this ground would have been meritless, and [Bell] has failed to show deficient performance."[17]

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[17] *Beard v. State*, 317 Ga. 842, 850 (4) (d) (896 SE2d 497) (2023), citing *Mann v. State*, 297 Ga. 107, 111 (4) (a) (772 SE2d 665) (2015) (holding that because the trial court's instruction to the jury was not erroneous, "any objection to the instruction would have been meritless, and the failure to make a meritless objection does not constitute ineffective assistance or counsel.").